Louis F. Bettcher, complainant-appellant,

*v.*

Henry F. Knapp et als., defendants-respondents.

[Decided March 5th, 1923.]

1. Section 5 of the New Jersey statute of frauds does not have the effect of requiring the entire agreement to be in a formal contract. It is enough if some memorandum or note thereof be in writing.

2. Where the parties to a contract for sale of lands make it an essential part of their agreement that it be embodied in a formal written instrument, the matter remains *in fieri* until the written instrument has been delivered.

3. Where a vendee of land is buying of executors as vendors, land of the estate, he must when he seeks specific performance establish that the price agreed to be paid is fair.

On appeal from an order advised by Vice-Chancellor Fielder.

*Mr. John Warren,* for the complainant.

*Mr. Paul Q. Oliver,* for the defendants.

The opinion of the court was delivered by

SWAYZE, J.

This is a bill for specific performance of a contract to convey land. The vendors are executors of Henry F. Knapp, deceased, who died seized. The contract was made by Anthony, one. of the executors, through a parol agreement between Anthony and the complainant. The complainant agreed to mail the formal contracts to Anthony with a check for the required deposit; Anthony was to sign the contracts and have the other executors sign. One of them is said to be a man not to be got very easily as he was traveling. The contracts were signed in duplicate and came back to the hands of Anthony. Meantime he had ascertained that the property instead of being worth $1,700 was worth $2,800, which amount Bettcher himself had offered for it; it was assessed for taxes at a valuation of $2,300.

Under these circumstances Anthony refused to deliver the contract and this suit was brought.

The learned vice-chancellor held that under the statute of frauds the complainant must base his action upon the formal written contract and not upon the informal agreement, and the formal contract he held to be nugatory for want of delivery to the vendee. The statute of frauds does not have the effect thus attributed to it. The fifth section is the one applicable and the essential words of that section are that no action shall be brought upon any contract for sale of lands or any interest in or concerning them unless the agreement upon which the action is brought *or some memorandum or note thereof* shall be in writing and signed by the party to be charged or some other person thereunto by him lawfully authorized. The memorandum or note of the agreement is all the writing that is required. The objection, however, to the enforcing of this contract goes deeper than the lack of a memorandum or note in writing. The memorandum itself was not meant to be the complete agreement; an essential part of the agreement was that it should be

embodied in a written instrument. The matter remained *in fieri* until the written instrument embodying the complete agreement became binding by delivery to the vendee. So the present complainant himself thought. He drew the papers that were to be signed and he anxiously expected to have the duplicate returned to him. The reason for his anxiety is clear. He wanted some document that he could record, so as to be notice to all the world of his rights, and he could rely upon nothing in that respect except a formal written contract. He could not, under the circumstances of this case, himself have felt that the contract was complete until it was embodied in formal shape. The formal document was meant to be the contract.

The case is governed in this respect by water commissioners of *Jersey City* v. *Brown, 32 N. J. Law 504; Donnelly* v. *Currie Hardware Company, 66 N. J. Law 388; Trenton and Mercer County Traction Corporation* v. *Trenton, 90 N. J. Law 378; affirmed, 91 N. J. Law 719.*

There is, however, another reason of equal force against the complainant. He was buying of executors' property that belonged to the estate and he was chargeable with notice of the trust. He does not seek to enforce any legal claim but relies entirely upon his equitable claim to specific performance. But the remedy of specific performance is largely within the discretion of the chancellor and before the complainant can have equity, he must do equity. Doing equity necessitates the payment of an adequate price for otherwise he would be a party to conduct of the executors, which would deprive the legatees under the will of their full rights. It is not necessary to hold that in every case where executors are vendors the court will refuse specific performance to the vendee, but it is incumbent upon the vendee when he seeks specific performance, to establish the fact that he has agreed to pay a fair price. *Sherman* v. *Wright, 49 N. Y. 227.* The principle was recognized by Lord Justice Knight Bruce and the court of appeal in England in the case of *Goodwin* v. *Fielding, 4 De G. M. & G. 90.*

We think that the vice-chancellor was right in holding that the price was inadequate. The decree is affirmed with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TREN-CHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK—12.

*For reversal*—None.