The bill is filed for the specific performance of an alleged contract of sale of land. The defendant moves to strike out the bill of complaint for lack of equity, claiming that the alleged agreement was incomplete, that no legal contract *Page 250 
ever existed between the parties and that the alleged contract is, on its face, preliminary and not final.
The alleged agreement on which suit is brought is in the following form:
"Received from Simon Schneider, check for five hundred dollars as part of the purchase price of my property known as the Crawford House, No. 600 and 602 Grand avenue, northeast corner of Grand avenue and Munroe avenue, Asbury Park, N.J. The purchase price thereof being the sum of twenty-nine thousand dollars, and I, Annie M. Crawford, am to have the money obtained through the rental of said property for the season of 1925. Said Simon Schneider to take title to said property on or about October 1st, 1925, and to pay to me on that date the sum of five thousand five hundred dollars [making a total of six thousand dollars], I to take back second mortgage for balance due. * * * The said mortgage to run for three years, and said Simon Schneider to have privilege of paying said mortgage in full at any interest-paying period. All furniture, linen, dishes, c., included.
Regular agreement of this sale to be drawn and signed by both parties hereto at any time before October 1, 1925.
Dated April 11th, 1925.
[Signed] ANNIE M. CRAWFORD. Witness: T.A. FURY."
This case is governed by the cases of Bettcher v. Knapp,94 N.J. Eq. 433; Kuskin v. Guttman, 99 N.J. Eq. 754, and Tansey
v. Suckoneck, 98 N.J. Eq. 669. It will be noted that the alleged contract herein provides that "regular agreement of this sale to be drawn and signed by both parties hereto at any time before October 1st, 1925." From this it would clearly appear that the parties did not intend that they should be bound until the formal contract which was here termed the "regular agreement" should be executed.
There are a number of particulars in respect to which the defendant claims that the alleged contract is deficient. It is necessary to mention but one. The writing provides, "I to take back second mortgage for balance due." There is nothing in this writing to indicate the amount of the first mortgage, its term, rate of interest, or whether it would be executed at settlement, or whether it was of record at the time of this writing. Complainant claims in his brief that *Page 251 
"the second mortgage would be the difference between $23,000 and the first mortgage, now a lien, pursuant to the record." certainly there is nothing in this writing to indicate that that was the intention of the parties. The amount of the second mortgage would be dependent upon the amount of the first mortgage if the second mortgage was to represent the balance due, whatever that may be.
It seems to me perfectly apparent that the minds of the parties had never met on a final and complete contract, and that it was not intended that the parties should be bound until the formal contract was entered into.
The motion is therefore granted.