NATHAN N. JACOBSON et al., complainants-appellants,

*v.*

WILLIAM R. LAMBERT, defendant-appellant.

[Argued May 20th, 1931.   Decided October 19th, 1931.]

*Messrs. Mendelsohn & Mendelsohn (Mr. Sam Mendelsohn,* of counsel), for the appellant.

*Mr. Saul M. Mann,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order striking out the answer filed by the defendant in the court below.   The bill of complaint was filed to compel the specific performance by the defendant of a contract entered into between the complainants and the defendant, by the express terms of which the complainants agreed to sell and the defendant agreed to purchase a certain tract of land in the city of Paterson, which was owned by the complainants, they agreeing to convey it to him

for the sum of $15,000, of which $500 was to be paid upon the signing of the agreement, and a further payment of $1,000 to be made a month later, and the remainder to be paid upon the date therein fixed for the delivery of the deed. The contract was in writing and was signed by the complainants as the sellers and by the defendant as the purchaser. Upon the signing of the contract, it was delivered and the initial payment of $500 was made. But the defendant named in the contract as the purchaser thereafter failed to perform his contract and refused to accept the deed when it was tendered to him. Thereupon the present suit was brought to enforce the specific performance by him of the contract referred to. The defendant denied liability in his answer upon the ground that the contract never came into legal effect because its existence was dependent upon the occurrence of a condition precedent which never happened. The facts set up in the answer upon which this averment is based are that prior to and concurrently with the execution of the contract the defendant informed the complainants that in making it he was acting not for himself but as agent for a principal, whose identity he could not then disclose, and that thereupon the contract was executed on the express oral understanding that it was not to come into force as against the defendant unless the undisclosed principal was willing to perform the terms of the contract, and that in the event that his principal was unable or unwilling to perform then the complainants would keep the deposit of $500, which was made at the time of this conversation, in full payment of the damages. He further asserted in his answer that his principal was one Freestone, who was unable to perform the contract, and that as a result thereof the condition precedent upon the happening of which the contract was to become effective as against him, namely, the performance of Freestone, never having occurred, the contract was not binding upon him and could not be enforced against him. The motion to strike out the answer was based upon the ground that the alleged facts contained therein constituted an attempt to vary a written contract for the sale of land by injecting into it terms not written therein and

contradictory of the writing itself. The vice-chancellor considered this contention sound and for this reason struck out the answer.

We think that course was a proper one.

As we have pointed out, the suit was brought for the enforcement of a written contract for the sale of land. In the view that we take of the case the only question we need to consider is whether the parol evidence rule applies.

Now the fifth section of our statute of frauds (*Comp. Stat. p. 2612*) provides "that no action shall be brought * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

It is well settled that the memorandum in writing of a contract for sale of lands must contain the full terms of the contract—that is, the names of the buyer and seller, the subject of the sale, the price and terms of credit, and the conditions of sale, if any there be, and parol testimony cannot be received to supplement the memorandum, or supply omission of any of the essential parts of the contract. *Johnson & Miller v. Buck, 35 N. J. Law 338; Schenck v. Spring Lake Beach Improvement Co., 47 N. J. Eq. 44; Bowers v. Glucksman, 68 N. J. Law 146; Clement v. Young-McShea Amusement Co., 70 N. J. Eq. 677.* That rule was re-stated and the cases which support it discussed by Chief-Justice Gummere in *Randolph v. General Investors Co., 97 N. J. Eq. 493,* a case much like the present. Therein, at the conclusion of his opinion, he said: "The logical conclusion to be drawn therefrom is that every written contract made by an agent, in order to be binding on his principal, must purport on its face to be made by the principal, and must be executed in his name and not in the name of the agent, and that, consequently, it cannot be shown by parol that an alleged agent, who is stated in the body of the contract to be a party thereto, and who signed the instrument as a principal, in fact signed

.as agent for another, and thus convert a contract, which, on its face, is his own, into the contract of his alleged principal."

In the case at bar, as we have pointed out, we have a contract for the sale of land which purports on its face to be made by the defendant as principal—no reference being made to any representative capacity—and, therefore, he cannot be permitted to show by parol that he was merely the agent for .another. The application of that rule completely justifies the order made in the present case, and renders unnecessary a consideration of any of the other reasons argued in support ·of or against it.

The order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.