LOUIS FINKELSTEIN, PLAINTIFF, v. HYMAN BRODSKY, DEFENDANT.

Decided December 24, 1931.

For the plaintiff, *Lichtenstein, Schwartz & Friedenberg.*

For the defendant, *Stuhr & Vogt.*

ACKERSON, S. C. C. This matter comes before me upon a motion to strike out the defendant's answer upon the the grounds that it is sham, frivolous, does not set forth facts sufficient to constitute a defense and is filed for the purpose of delay.

The complaint is in five counts and seeks to recover from the defendant the sum of $2,000 with interest, alleged to be the balance of $2,500, delivered by the plaintiff to the defendant on January 20th, 1921, as security against loss by the

defendant by reason of the execution by him of two certain bail bonds or recognizances, aggregating $18,500, for Samuel Cohen and Sadie Cohen. in the Hudson county Court of Quarter Sessions.

It is alleged that said money was to be returned to plaintiff upon the discharge of said bail bonds from the record after all disbursements incidental thereto had been deducted, as set forth in a written document, referred to as "receipt," of which the following is a copy:

"Received from Louis Finkelstein the sum of two thousand five hundred dollars ($2,500) as security for bail bonds entered into by Hyman Brodsky for Samuel Cohen and Sadie Cohen this day which bail bonds aggregate $18,500, in the matter of the State *v.* Samuel Cohen and Sadie Cohen, charged with a crime in Hudson county, New Jersey.

"This money is to be returned to the said Louis Finkelstein upon the discharge of the said bail bonds from the record after all disbursements incidental thereto are deducted."

It is further alleged that said bail bonds or recognizances were discharged of record on June 3d, 1931, and that the defendant has not had, suffered or sustained any losses or disbursements by reason of said documents or the discharge thereof, but that defendant after returning $500 on July 8th, 1931, has failed and refused to deliver the remaining $2,000 to the plaintiff.

The defendant has presented his affidavit in opposition to this motion and therein admits the deposit of the $2,500 as security for the aforesaid bail bonds and the execution and delivery at that time of the so-called "receipt," hereinabove set out, and also admits that the bail bonds were discharged June 3d, 1931, and that he returned $500 to the plaintiff on July 8th, 1931. The only reason alleged in defendant's affidavit for not returning the balance of said deposit, amounting to $2,000, is the assertion that at the time of the delivery of said deposit of $2,500 to the defendant it was agreed, using the language of the affidavit:

"That said sum was to be returned by me upon the discharge of said bail bonds from the records after all disbursements incidental thereto were deducted by me. It was further agreed by and between the said plaintiff and myself that I was to charge a premium of three per cent. of the amount of said sum of $18,500. Said three per cent. was to be charged against the sum of $2,500 and a premium of one per cent. of the amount of said sum of $18,500 for each and every year after the first year, which amount was to be charged against the said sum of $2,500. It was further agreed by and between the plaintiff and myself that said premiums charged were to be considered as disbursements incidental to the discharge of said bail bonds, in accordance with the receipt given by myself to the plaintiff, a true copy of which the plaintiff has annexed to the complaint and marked schedule A. It was not until June 3d, 1931, that said bail bonds and all recognizances were discharged of record, by order of the Hudson county Court of Quarter Sessions, and the total amount of premiums chargeable by myself against the said $2,500 at that time was the sum of $2,012.50."

The defendant conceded on the oral argument, and expressly concedes in his brief, that the alleged agreement to charge premiums for the bonds against the deposit was made orally and contemporaneously with the delivery of the aforesaid sum of $2,500 as security and the delivery of the alleged "receipt."

It is apparent, therefore, that the validity of defendant's contention as a defense depends upon whether the writing which was given by the defendant to the plaintiff on January 20th, 1921, and above set forth, is a bare receipt, as claimed by the defendant or whether it is a contract. If it is the former, then the aforesaid oral agreement respecting premiums could be received to amplify the receipt. *Joslin* v. *Giese,* 59 *N. J. L.* 130; *Otis Elevator Co.* v. *Stafford,* 95 *Id.* 79. If the writing is a contract, then the aforesaid oral agreement could not be received to add to or alter the terms thereof. *Naumberg* v. *Young,* 44 *Id.* 331.

The first paragraph of the writing is plainly an acknowledgment of the receipt of money, but the last paragraph makes it something more than that. It reads as follows:

"This money is to be returned to the said Louis Finkelstein upon the discharge of the said bail bonds from the record after all disbursements incidental thereto are deducted." Here we have an agreement to repay the money upon the happening of a certain event, and this makes the receipt contractual in form and exclusive of other evidence as to the terms of the contract that it contains. *Katcher* v. *American Express Co.*, 94 *N. J. L.* 165.

It follows, therefore, that inasmuch as the defendant suffered no losses and has had no disbursements incidental to the discharge of said bail bonds from the record the defendant has no defense to this action.

It may not be amiss to observe that even if the alleged oral promise of the plaintiff to pay premiums by having them deducted from the security money were made after the written agreement in question it would still be ineffectual as a defense because made without consideration. The defendant having already executed the bonds would suffer no detriment, and of course there would be no benefit to the plaintiff.

It follows, from what has been said, that inasmuch as the defendant cannot legally show any oral agreement for premiums to be deducted from the security money, the entire answer based thereon is sham, and does not show any defense to this action and should be stricken out.

The plaintiff having properly supported his complaint by competent affidavits, I recommend that summary judgment be entered in favor of the plaintiff and against the defendant for the sum of $2,000, with interest thereon from June 3d, 1931.