Complainants entered into a written contract to convey their right, title and interest in lands to "Alfred A. Franck, trustee," for $2,500 consideration and received $500 on account of the purchase price and Franck, specifically as trustee, bound himself to pay the balance on delivery of the deed. The contract contains no specific words of intention of the parties to bind Franck individually and in signing it he added the word "trustee" to his signature. In due time complainants tendered their deed in accordance with the terms of the contract, except that Franck, as an individual, was named therein as grantee. He refused to accept the deed and pay, on the ground that he had entered into the contract as the representative of another, who had failed to furnish him with the balance of the purchase price. The complainants bring this suit against him as an individual, praying that he be directed to specifically perform the contract. *Page 481 
In negotiating for this contract Franck dealt through his attorney with complainants' attorney; the parties to the contract never met. Franck signed the contract at the office of complainants' attorney and he testified that when signing, he stated to Mr. Friedman who witnessed his signature and who then represented the complainants, that he was purchasing the property for Desel Realty Company and not for himself, which testimony Mr. Friedman denied. Franck also testifield that he entered into the contract for, and upon authority given him by, the Desel Realty Company; that his principal subsequently had declined to give him the balance of the purchase price to complete the contract and such testimony was not denied. In view of the fact that in the contract and in its execution Franck is named as trustee, I think such testimony was admissible to show that no personal liability on Franck's part was intended. Kean v. Davis, 21 N.J. Law 683;Terhune v. Parrott, 59 N.J. Law 16; Simanton v. Vliet,61 N.J. Law 595; Solomon v. New Jersey Indemnity Co.,94 N.J. Law 318; affirmed, 95 N.J. Law 545. But whether or not Franck told complainants' attorney at the time he executed the contract, that he was acting as trustee or agent for another, the complainants had notice by the very terms of the contract, that he was entering into it in a representative capacity and not as an individual and complainants should not be permitted in this suit to convert into a personal liability what they must have known was not intended to be such.
This is a contract for the sale of land and its enforcement is governed by section 5 of the statute of frauds, which provides that to charge any person upon such a contract, it must be signed by the one sought to be charged. It is now sought to charge Franck as an individual but he did not so contract, nor did he sign in such capacity. Further, it has been settled by the court of errors and appeals in several well known cases, that a contract for the purchase and sale of land which does not contain the names of both vendor and vendee, is unenforceable. This contract does not contain the name of the true vendee and the complainants must be *Page 482 
charged with knowledge of that fact. It was held by this court and affirmed by the court of errors and appeals in Follender v.Schwartz, 107 N.J. Eq. 451, that this rule obtains whether it is the name of the vendor or vendee that is not disclosed and that where the contract shows on its face that it is signed by one of the apparent parties as agent for an undisclosed principal, then it does not conform to the rule.
The case of Jacobson v. Lambert, 109 N.J. Eq. 88, was on bill filed by the vendor against the vendee for specific performance of a contract for the sale of land in which both parties were named as individuals and which was signed by both in such capacity. The vendee answered that he had entered into the contract as agent for another and so told the vendor prior to and concurrently with the execution of the contract. Appeal was taken from an order of this court striking the answer and the appellate court said that because the contract purported on its face to be made by the vendee as principal and no reference being therein made to any representative capacity, the vendee would not be permitted to show, by parol, agency for another. The case is readily distinguishable from the instant case and the inference to be drawn from it is that because the contract here under consideration expressly names the vendee in a representative capacity and was executed by him in such capacity, it is not enforceable against him as an individual in this suit.
Courts of equity will not interfere to decree specific performance except in cases where it would be strictly equitable to make such a decree. Blake v. Flatley, 44 N.J. Eq. 228;Bettcher v. Knapp, 94 N.J. Eq. 433; Degheri v. Carobine,102 N.J. Eq. 264; Bowen v. Pursel, 109 N.J. Eq. 67. The complainants seek to compel the defendant to take title to land they had notice he was not purchasing for himself and to require him to pay $2,000 of his own money therefor. They entered into the contract knowing that the defendant was acting as representative of another and now they insist he shall perform in his individual capacity. They could have declined to contract unless he, personally, or his principal, *Page 483 
was named as vendee but they chose to deal with him as a trustee, rather than personally; as agent, rather than with his principal. It is entirely their own fault if they cannot have specific performance against Desel Realty Company, because it is not named as vendee, or against Franck because he is not named, individually, as vendee. They should be left to such remedy as they may have at law.