13 N.J. Super. 37 (1951)
80 A.2d 237
MARY McENANEY, PLAINTIFF-APPELLANT,
v.
HARRY C. SPEDICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1951.
Decided April 4, 1951.
*38 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*39 Mr. Paul Colvin argued the cause for appellant.
Mr. Edward J. Gilhooly argued the cause for respondent (Messrs. Gilhooly & Yauch, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendant's motion for dismissal, made at the end of the plaintiff's case, was granted and judgment entered thereon September 20, 1950.
Plaintiff, individually, sued the defendant on two counts. The first count alleged that the plaintiff had paid $1,000 to the defendant as a deposit for the purchase of certain property; that the defendant sold said property to another and, as a result, the deposit is now due and owing to the plaintiff. The second count alleged that the defendant accepted from the plaintiff the sum of $1,000 in consideration of which he was to enter into a formal contract of sale for certain lands belonging to him and other lands which he was to acquire and sell, together with his own, to the plaintiff; that the defendant was unable to acquire the lands which he agreed to convey to the plaintiff and, as a result, no formal contract was executed; and that the $1,000 deposit is therefore due and owing to the plaintiff.
Plaintiff testified that Russell S. McEnaney, her husband, and she sought to buy the defendant's property, consisting of 12 cottages and a house called the "White Birches" and on September 27, 1947, they entered into an agreement. Russell S. McEnaney gave his check for $1,000 to the defendant as a deposit, and he received the following writing signed by the defendant:
 " White Birch Cottages
 Harry C. Spedick
 Cottages for Rent  Weekly, Monthly or Season
 All Improvements
 Netcong Road, Budd Lake, N.J.
 Sept. 27,/47
Received from Mr. Russell S. McEnaney, One Thousand Dollars ($1,000.00) deposit, on property known as The White Birch Cottages consisting of 13 Furnished houses. Full price $30,000. Balance on occupancy or closing of clear title. Deposits refunded in case of titles not clear.
 Harry C. Spedick "
*40 A counterpart of this writing, retained by the defendant, was signed by Russell McEnaney and had added thereto, in Russell's handwriting: "deed of property to be made out in the name of Mary and Russell McEnaney." The plaintiff admitted that in May, 1948, a Mr. McKinley came to the McEnaney home and stated he was there for the purpose of making tender of a deed, upon the payment of the balance of $29,000. She admitted that neither Russell nor she had ever made a tender of the balance of the purchase price or had ever sought a deed for the property. In the fall of 1949 the defendant sold the premises to another for $29,000.
At the trial, the plaintiff was permitted to amend the complaint by substituting as plaintiff "Mary McEnaney, now Padawer, individually and as executrix of the last will and testament of Russell McEnaney."
The first contention is that the writing is a mere receipt and not a contract. The fact that a writing, which embodies the essential elements of a contract, acknowledges the receipt of certain money or property does not, standing alone, make the entire writing a mere receipt subject to contradiction by parol evidence. Katcher v. American Express Co., 94 N.J.L. 165 (E. & A. 1920); Finkelstein v. Brodsky, 10 N.J. Misc. 55 (Sup. Ct. 1931), affirmed 110 N.J.L. 13 (E. & A. 1933). It is admitted that this writing is certain as to parties, description of the premises, price and terms. Therefore, it contains the essential elements of a contract for the sale of land. Since it is contractual in nature, it is a contract and not a mere receipt. Steinbach v. Pettingill, 67 N.J.L. 36 (Sup. Ct. 1901); cf. Monahan v. McElligott, 136 N.J. Eq. 306 (Ch. 1944), affirmed 137 N.J. Eq. 176 (E. & A. 1945); Bernstein v. Rosenzweig, 1 N.J. Super. 48 (App. Div. 1948).
There is no merit in the further contention that it should be construed as a mere receipt because the parties intended to enter into a formal written contract which would set forth the complete and final contract between them. There was no evidence that the parties ever intended to enter into any formal written contract, let alone evidence that they did not intend *41 to bind themselves until a formal written contract was prepared and signed. Cf. Burlew v. Hepps, 6 N.J. Super. 16 (App. Div. 1949); Bernstein v. Rosenzweig, above.
The court did not err in excluding oral testimony by the plaintiff to show that the $1,000 deposit was paid on condition that lake frontage would also be procured by the defendant and sold along with the "White Birch" cottages to the plaintiff, for a consideration equal to the cost to defendant of acquiring said lake frontage. Evidence of a contemporaneous verbal agreement or understanding between the parties, that the land to be conveyed was to include more than that set forth in the contract, is inadmissible as varying the terms of the written agreement in contravention of the statute of frauds. Schwartzman v. Creveling, 85 N.J. Eq. 402 (Ch. 1916); William Dahm Realty Corp. v. Cardel, 128 N.J. Eq. 222, 225 (Ch. 1940). Nor was such testimony admissible under the exception to the rule stated in Naumberg v. Young, 44 N.J.L. 331 (Sup. Ct. 1882): "There is a class of cases where the parties concluding an agreement which is reduced to writing, have, at the same time and on the same consideration, negotiated by parol another agreement which is collateral and on a subject distinct from that to which the written contract relates, in which oral evidence of such an agreement is held to be competent." This testimony, if admitted, would not tend to prove a collateral agreement on a subject distinct from that to which the written contract relates. Its admission would violate the general rule that parol evidence will not be received to add to or alter the terms of the contract in writing. Naumberg v. Young, above.
Lastly, it is argued that the plaintiff, representing the buyer, is entitled to the return of the deposit, even though the buyer defaulted in the consummation of the sale, because the defendant failed to prove his actual damages. Where the parties have entered into a binding agreement, and the buyer defaults thereunder, the seller may, in general, retain the deposit as damages. Katz v. Katz, 134 N.J.L. 303, 304 (Sup. Ct. 1946); Bernstein v. Rosenzweig, above; cf. Steinbach v. *42 Pettingill, above. Since the deposit in this case was less than four percent of the purchase price, no question of penalty or forfeiture rather than damages is involved, and the seller is entitled to retain the deposit as damages, without any proof of his actual damages. Cf. Bernstein v. Rosenzweig, above.
The judgment is affirmed.