KUSKIN, J.T.C.
Plaintiff seeks a refund under N.J.S.A. 46:15-7.4 of tax in the sum of $1,475,000 that it paid pursuant to N.J.S.A. 46:15-7.2 in connection with its purchase of an office building property. The tax imposed by N.J.S.A. 46:15-7.2 is commonly referred to as the “mansion tax.” Defendant, Director of the New Jersey Division of Taxation (“Director”), contends that no refund is payable because, as a result of a price change effected by an amendment to the purchase agreement, the agreement was not “fully executed before July 1, 2006” as required by N.J.S.A. 46:15-7.4. Both parties have moved for summary judgment. For the reasons set forth below, I deny plaintiffs motion and grant the Director’s motion.
The mansion tax is payable in connection with transfers of real property and is in addition to the regular realty transfer fee imposed by N.J.S.A. 46:15-7. The tax is equal to one percent of the entire consideration for the purchase of certain types of real property if the purchase price is in excess of $1,000,000. The tax was enacted by P.L. 2004, c. 66, § 8. The Statement to the legislation indicates that the revenue generated would be used lor “general state purposes.” Assembly Budget Committee Statement to A3115 (2004).
As originally enacted, the mansion tax applied only to transfers of real property classified under N.J.A.C. 18:12-2.2 as Class 2 residential or as Class 3A farm property that included a building or structure for residential use and to transfers of cooperative units. N.J.S.A. 46:15-7.2(a)(l), (2), and (3). Amendments to the *100 statute adopted in 2006, P.L. 2006, c. 33, § 1, expanded the definition of the property to which the one percent tax would apply to include property “that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4A ‘commercial properties’ that is transferred for consideration in excess of $1,000,000 recited in the deed....” N.J.S.A. 46:15-7.2(a)(4). The amendments included a second provision which is the specific subject of the dispute between the parties in this matter, namely, section 2 of P.L. 2006, c. 33 (codified as N.J.S.A. 46:15-7.4) which provides in its entirety as follows:
Notwithstanding- the provisions of section 8 of P.L. 2004, c. 66 (C. 46:15-7.2), for the transfer of real property that was classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4A “commercial properties” at the time of the recording of the deed, provided that the deed was recorded on or before November 15, 2006, and that was transferred pursuant to a contract that was fully executed before July 1, 2006, the fee imposed pursuant to section 8 of P.L. 2004, c. 66 shall be refunded to the grantee by the filing, within one year following the date of the recording of the deed, of a claim with the New Jersey Division of Taxation for a refund of the fee paid. Proof of claim for refund shall be made by the submission of such documentation as the Director of the Division of Taxation may require. IN.J.S.A. 46:15-7.4.]
The factual background to this matter is as follows. On June 13, 2006, Wells Operating Partnership II, L.P., as purchaser, entered into a sale-purchase agreement (the “Agreement”) with Newark Urban Renewal Investors, L.P., as seller, to acquire an office building known as the Park Plaza Building located at 80 Park Plaza, Newark, New Jersey. The building was occupied by Public Sendee Electric and Gas Company as tenant. The Agreement specified a purchase price of $155,000,000 and allowed the purchaser a due diligence period expiring on June 21, 2006. During that period, the purchaser was entitled to examine title, inspect the premises, and otherwise conduct “any due diligence as Purchaser reasonably determines is necessary (in Purchaser’s reasonable discretion).” The purchaser could assign the Agreement to an entity controlled by the purchaser or the owners of the purchaser and at least 51% owned by the purchaser or the owners of the purchaser. In the event of any such assignment, the purchaser was not relieved of its contractual obligations unless and until closing of title occurred at which time the assignee would *101 remain liable and the original purchaser, the assignor, would be relieved of its obligations.
On June 21, 2006, the Agreement was amended to extend the due diligence period to June 28, 2006. Four additional amendments dated June 28, 2006, July 7, 2006, July 13, 2006, and July 20, 2006, respectively, each extended the due diligence period by one week so that, pursuant to the July 20, 2006 amendment, the period ended on July 25, 2006.
The sixth amendment to the Agreement, dated July 25, 2006, extended the due diligence period to July 27, 2006 and provided as follows with respect to the $155,000,000 purchase price:
The definition of the “Purchase Price” set forth in the first sentence of Section 2 of the Agreement is hereby deleted and replaced with the price of “One Hundred Forty-Seven Million Five Hundred Thousand and No/100 Dollars ($147,500,000), as the same shall be adjusted in accordance with this Agreement.”
The seventh and final amendment to the Agreement was dated July 27, 2006 and extended the due diligence period to August 1, 2006.
On September 21, 2006, Wells Operating Partnership II, L.P. assigned all of its interest as purchaser under the Agreement to plaintiff, and plaintiff assumed all of the purchaser’s obligations. Closing of title occurred on the same date. The deed reflects that the consideration paid at closing was $147,500,000. The deed was recorded on September 25, 2006, at which time plaintiff paid the $1,475,000 of tax in issue.
On December 6, 2006, plaintiff filed a refund claim with the Director. The Director denied the claim in a letter dated January 12, 2007 that stated as follows:
The sale agreement had several amendments and the sixth amendment dated July 25, 2006 set the purchase price at $147,500,000 to reflect the consideration amount on the deed. Although the deed was recorded before the November 15, 2006 deadline as mandated by Chapter 33, Laws of 2006, I must deny your claim because the contract of sale was not fully executed by July 1, 2006 as provided by statute.
Plaintiff then filed a timely appeal to the Tax Court.
Plaintiff contends that it satisfied the requirements for a refund set forth in N.J.S.A. 46:15-7.4. The Director acknowledges that plaintiff acquired Class 4A property, that the Agreement was *102 signed prior to July 1, 2006, that the date of closing and recordation of the deed occurred prior to November 15, 2006, and that the July 25, 2006 amendment that reduced the price was the result of an arms-length, good faith agreement between the parties to the Agreement. The Director contends, however, that the Agreement was not “fully executed before July 1, 2006” within the meaning of N.J.S.A. 46:15-7.4 because of the price reduction contained in the July 25, 2006 amendment. The Director does not rely on the extensions of the due diligence period as a basis for her contention that the Agreement was not fully executed before July 1, 2006.
Resolution of the summary judgment motions requires a determination of the meaning of the phrase “fully executed” as used in N.J.S.A. 46:15-7.4. Plaintiff asserts that the phrase should be interpreted to mean that, if a fully integrated contract is signed prior to July 1, 2006, the contract is “fully executed” within the meaning of the statute, and subsequent amendments are not significant for purposes of entitlement to the refund permitted by the statute. The Director argues that any post-July 1, 2006 amendment to an essential term of a contract is sufficient to preclude the contract from being “fully executed” prior to July 1, 2006.
The Director has not promulgated regulations interpreting the phrase “fully executed,” and legislative history is of limited assistance. The Statement of the Assembly Budget Committee to the Committee Substitute for A4701 (the Bill enacted as P.L. 2006, c. 33), states that:
The Bill applies to deed and non-deed transfers occurring on and after August 1, 2006; however, special provisions are made for transactions that were “under contract” before July 1, 2006 and for which the transaction was recorded by November 15, 2006 so that, in the case of a deed transaction, the fee will be refunded after recording and in the case of a non-deed transaction no tax will be due.
[Assembly Budget Committee Statement to Assembly Committee substitute for A4701, July 7, 2006.]
The Statement of the Senate Budget and Appropriations Committee to S1982, the companion bill to A4701, contains language virtually identical to the Assembly Budget Committee Statement. With respect to the issue before me, the meaning of the phrase *103 “under contract” used in the Committee Statements is no more apparent than is the meaning of the phrase “fully executed” as set forth in the statute.
Plaintiff’s argument that a contract is “fully executed” or that a property is “under contract” if a fully integrated agreement is signed prior to July 1, 2006 accords with a literal meaning of the terms “fully executed” and “under contract.” A literal reading of statutory language, however, is not necessarily an accurate one. See Olde Lafayette Village, Ltd. v. Lafayette Twp., 9 N.J. Tax 562, 568 (1988) (quoting Judge Learned Hand’s remark that “Lt]here is no surer way to misread any document than to read it literally” (citation omitted)). The proper reading of a statute must be consistent with the goal of statutory interpretation, namely, to effectuate “the legislative plan as it may be gathered from the enactment ‘when read in full light of its history, purpose and context.’ ” State v. Haliski, 140 N.J. 1, 9, 656 A.2d 1246 (1995) (quoting State v. Gill, 47 N.J. 441, 444, 221 A.2d 521 (1966)) (quoting Lloyd v. Vermeulen, 22 N.J. 200, 204, 125 A.2d 393 (1956)).
Plaintiff argues that, under Fedders Financial Corp. v. Director, Division of Taxation, 96 N.J. 376, 384-86, 476 A.2d 741 (1984), when legislative history is not helpful, doubts as to the meaning of taxing statutes should be resolved in favor of the taxpayer, and the statute should be construed most strongly against the taxing authority. However, the Fedders Financial opinion qualifies that interpretive approach by stating that, where the issue is not the scope of a taxing statute but whether a taxpayer is entitled to a tax exemption, “then the probable legislative intent is one of inclusion and exemptions are to be construed narrowly.” Id. at 386, 476 A.2d 741 (citation omitted).
In enacting the mansion tax as a revenue-raising measure for general State purposes, the Legislature carved out, in N.J.S.A. 46:15-7.4, a limited exclusion from the tax for certain transactions. I construe that exclusion as being equivalent to an exemption from the tax which should be construed narrowly. Therefore, I interpret the phrase “fully executed before July 1, *104 2006” as referring to a contract signed on or before June 30, 2006, none of the essential terms of which was amended in a material respect on or after July 1, 2006.
The “essential terms” of a contract for the sale and purchase of real property have been identified by our courts. In Jacobson v. Lambert, 109 N.J. Eq. 88, 156 A 763 (E. & A.1931), the Court of Errors and Appeals held as follows:
It is well settled that the memorandum in writing of a contract for sale of lands must contain the full terms of the contract-that is, the names of the buyer and seller, the subject of the sale, the price and terms of credit, the conditions of sale, if any there be, and parole testimony cannot be received to supplement the memorandum, or supply omission of any of the essential parts of the contract.
[Id- at 90,156 A. 763 (citations omitted).]
In McEnaney v. Spedick, 13 N.J.Super. 37, 40, 80 A.2d 237 (App.Div.1951), the court held that a document “certain as to parties, description of the premises, price and terms ... contains the essential elements of a contract for the sale of land.” Id. at 40, 80 A.2d 237, overruled on other grounds, by Kutzin v. Pirnie, 124 N.J. 500, 591 A.2d 932 (1991). See also Restatement (Second) of Contracts § 131 comment h (1981) (“A memorandum of a contract for the sale of land for an agreed price is not sufficient unless it discloses the price.”); 4 Corbin on Contracts § 22.4 (Matthew Bender 2007) (“The necessity that the memorandum should state the price is the same as that it should describe the land.”).
On July 25, 2006, the parties to the Agreement reduced the purchase price by $7,500,000, thereby amending an essential term of the document. Plaintiff argues that the price reduction was merely 4.8% and, therefore, not significant enough to vitiate the fully executed status of the Agreement as of June 13, 2006. I conclude that the price reduction constituted a material change to an essential term of the Agreement. As a result, the Agreement was not “fully executed” within the meaning of N.J.S.A. 46:15-7.4 before July 1, 2006.
Based on the preceding analysis, I conclude that plaintiff did not satisfy the requirements of N.J.S.A 46:15-7.4 for a refund. Consequently, plaintiffs motion for summary judgment is denied, and the Director’s motion is granted.