DeALMEIDA, J.T.C.
Plaintiff challenges the Director, Division of Taxation’s calculation of the mansion tax portion of the realty transfer fee on the purchase of two parcels of real property, one subject to the tax and one not, that were transferred by one deed with a single-stated consideration. The Director determined that where a taxpayer elects to combine the consideration for two properties in a single deed without separately stating the amount paid for each property, the mansion tax is properly calculated as a percentage of the entire consideration stated on the deed, even if one of the parcels would not be subject to the tax if transferred separately. She moved for summary judgment on this theory of liability. The taxpayer takes the position that despite its election to transfer the properties in one deed with a single-stated consideration, it is entitled to allocate the consideration among the two parcels, either by proving that the seller and buyer agreed to an allocation at the time of the sale, or by extrapolating an allocation based on a *192 comparison of the assessed values of the parcels. Plaintiff moved for summary judgment on the latter grounds.
For the reasons explained more fully below, the court rejects the Director’s position and holds that plaintiff is entitled to demonstrate, either at a plenary hearing or through a motion for summary judgment, that the parties to the sale of the properties agreed to a separate consideration for each parcel. If successful, plaintiff shall have its mansion tax liability calculated based on the consideration paid for the property that is subject to the tax. The parties’ cross-motions for summary judgment are therefore denied.
I. Findings of Fact
The facts are not in dispute. On May 27, 2005, plaintiff Ridgewood Commons Group, LLC, purchased two non-contiguous parcels of land in South Orange. One parcel, designated by the municipality as Block 1904, Lot 1, contains a sixty-six unit apartment complex. This property is classified as Class 4C apartments property pursuant to N.J.A.C. 18:12-2.2(g). Class 4C apartments property is not subject to the mansion tax. The other parcel purchased by plaintiff, designated by the municipality as Block 109, Lots 16 and 17, contains a tire and automotive repair center. This parcel is classified as Class 4A commercial property pursuant to N.J.A.C. 18:12-2.2(e). Class 4A commercial property is subject to the mansion tax. N.J.S.A. 46:15-7.2a. The properties were transferred to plaintiff by separate but related grantors.
The transfer of the parcels was recorded in one deed filed with the Essex County Clerk on June 5, 2007. The deed stated a single, total consideration of $12,065,000 for the parcels. The sellers filed two affidavits of consideration with the deed. One contains the block and lot number for the apartment complex property with a total consideration of $12,065,000. On that affidavit, the seller indicated that the property transferred is classified as both Class 4A and Class 4C. A second seller’s affidavit of consideration contains the block and lot numbers for the tire and automotive repair center property. That affidavit states a total consideration of $12,065,000, and indicates that the property trans *193 ferred is classified as both Class 4A and Class 4C. The purchaser filed an affidavit of consideration listing both parcels for a total consideration of $12,065,000. The purchaser’s affidavit indicates both properties as having been classified as Class 4A. At the time that the deed was filed, plaintiff remitted 1% of the total stated consideration in the deed, or $120,650, in payment of its mansion tax.
II. Procedural History
On August 22, 2007, plaintiff filed a claim seeking a refund of a portion of the mansion tax it paid. In its refund claim, plaintiff asserted that the consideration for the tire and automotive repair center property, which is subject to the mansion tax, should have been stated on the deed as $1,845,945, instead of $12,065,000. The mansion tax on consideration of $1,845,945 would be $18,459.45. According to plaintiffs refund claim, the remaining consideration of $10,219,055 ($12,065,000 - $1,845,945 = $10,219,055) should have been allocated to the apartment complex property, which is not subject to the tax. Plaintiff, therefore, sought a refund of $102,190.55 ($120,650 - $18,459.45 = $102,190.55).
An affidavit from plaintiffs managing partner submitted with the refund request allocates $1,845,945 of the purchase price to the commercial property based on the assessed values assigned to the properties by the municipal tax assessor for tax year 2007. The total assessed value of the apartment complex property for tax year 2007 was $2,995,400 (prior to application of the Chapter 123 ratio, see N.J.S.A. 54:l-35a). The total assessed value of the tire and automotive repair center property for tax year 2007 was $540,300 (prior to application of the Chapter 123 ratio, see N.J.S.A. 54:l-35a). The total assessed value for tax year 2007 for both parcels purchased by plaintiff was $3,535,700. Plaintiff reasoned that because the assessed value of the tire and automotive repair center represents 15.3% of the total assessed value of both parcels purchased by plaintiff ($540,300 h- $3,535,700 = 15.3%), 15.3% of the consideration paid for the parcels should be allocated to the tire and automotive repair center property ($12,065,000 x .153 = $1,845,945). The affidavit submitted in support of the refund request contained no information regarding an agreement among *194 the parties to the sales transactions allocating consideration among the parcels in this fashion.
On September 4, 2007, the Director issued a final determination denying plaintiffs refund request. The Director reasoned that because a parcel subject to the tax and a parcel not subject to the tax “were transferred in the same deed, they are included in the same consideration,” requiring a 1% assessment on the entire consideration stated in the deed.
On November 19, 2007, plaintiff filed a complaint challenging the Director’s decision.
On May 8, 2008, plaintiff filed two corrective deeds with respect to the parcels. One corrective deed addresses the apartment complex parcel. The other corrective deed addresses the tire and automotive repair center property. The corrective deeds allocate the consideration paid for the properties in the same manner as did plaintiffs refund claim.
The parties subsequently cross-moved for summary judgment. The court heard argument from counsel on June 30, 2009. Supplemental briefs followed.
III. Conclusions of Law
“Summary judgment should be granted where ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the nonmoving party is entitled to a judgment or order as a matter of law.’ ” Alpha I, Inc. v. Director, Div. of Taxation, 19 N.J.Tax 53, 56 (2000) (citing R. 4:46-2). In Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995), our Supreme Court established the standard for summary judgment as follows:
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
*195 In addition, the court’s analysis is influenced by the familiar principle that the Director’s interpretation of tax statutes is entitled to a presumption of validity. “Courts have recognized the Director’s expertise in the highly specialized and technical area of taxation.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (Tax 1997)(citing Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984)). The scope of judicial review of the Director’s decision with respect to the imposition of a tax “is limited.” Quest Diagnostics, Inc. v. Director, Div. of Taxation, 387 N.J.Super. 104, 109, 903 A.2d 442 (App.Div.), certif. denied, 188 N.J. 577, 911 A.2d 69 (2006). The Supreme Court has directed the courts to accord “great respect” to the Director’s application of tax statutes, “so long as it is not plainly unreasonable.” Metromedia, supra, 97 N.J. at 327, 478 A.2d 742(citations omitted). See also GE Solid State, Inc. v. Director, Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993) (“Generally, courts accord substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing.”) (citations omitted). “However, despite that deference, an administrative agency’s interpretation will not be followed when the agency extends a statute ‘to give it a greater effect than its language permits.’ ” Oberhand v. Director, Div. of Taxation, 193 N.J. 558, 568, 940 A.2d 1202 (2008) (quoting GE Solid State, supra, 132 N.J. at 306, 625 A.2d 468).
“The mansion tax is payable in connection with transfers of real property and is in addition to the regular realty transfer fee imposed by N.J.S.A. 46:15-7. The tax is equal to one percent of the entire consideration for the purchase of certain types of real property if the purchase price is in excess of $1,000,000.” Wells Reit 11-80 Park Plaza, LLC v. Director, Div. of Taxation, 24 N.J. Tax 98, 99, appeal docketed, Docket No. A-5276-07T3 (App.Div. July 3, 2008). The statute provides:
In addition to all other fees imposed under [N.J.S.A. 46:15-5, et seq.], there is imposed a fee upon the grantee of a deed for the transfer of real property:
(1) that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 2 “residential”;
*196 (2) (a) that includes property classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 3A: “farm property (regular)” but only if the property includes a building or structure intended or suited for residential use, and
(b) any other real property, regardless of class, that is effectively transferred to the same grantee in conjunction with the property described in subparagraph (a) of this paragraph;
(3) that is a cooperative unit as defined in section 3 of [N.J.S.A. 46:8D-3]; or
(4) that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4A “commercial properties”
that is transferred for consideration in excess of $1,000,000 recited in the deed, which fee shall be an amount equal to 1 percent of the entire amount of such consideration, which fee shall be collected by the county recording officer at the time the deed is offered for recording____
[N.J.S.A 46:15-7.2a.]
The express terms of the statute specify the categories of property subject to the mansion tax. Class 4C apartments properties are not included among those subject to the tax. The Director makes no argument that plaintiffs purchase of the apartment complex property if recorded on a separate deed would be subject to the tax. The legislative history of the act plainly supports this position.
As originally enacted, the mansion tax applied only to transfers of real property classified under N.J.A.C. 18:12-2.2 as Class 2 residential or as Class 3A farm property that included a building or structure for residential use and to transfers of cooperative units. N.J.S.A 46:15 — 7.2(a)(1), (2), and (3). Amendments to the statute adopted in 2006, P.L. 2006, c. 33, § 1, expanded the definition of the property to which the one percent tax would apply to include property “that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as class 4A ‘commercial properties’ that is transferred for consideration in excess of $1,000,000 recited in the deed____”
[Wells Reit II-80, supra, 24 N.J.Tax at 99-100 (citing N.J.S.A 46:15-7.2a(4)).]
At the time that the statute was amended to expand the scope of the mansion tax, the Legislature did not include Class 4C apartments properties among those classes of property subject to the tax. Nor did the Legislature include a provision similar to N.J.S.A. 46:15-7.2a(2)(b), which applies the tax to “any other real property, regardless of class, that is effectively transferred to the same grantee in conjunction with” farmland property, to property transferred with Class 4A commercial property.
The mansion tax is collected at the time that the deed memorializing the property transfer is recorded. “If a transfer *197 includes property classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4 property of any type, an affidavit of consideration shall be filed by one or more of the grantor parties named in the deed or by the grantor’s legal representative declaring the consideration and shall be annexed to and recorded with the deed as a prerequisite for the recording of the deed.” N.J.S.A. 46:15 — 7.2d(l). The affidavits of consideration are presented to the county recording officer who “[u]pon receiving payment of the recording fee ... shall imprint upon the front page of the deed, or label affixed to the deed, or computer generated recording data page” the consideration and realty transfer fee, including the mansion tax, paid at the time of filing. N.J.A.C. 18:16-8.2. “No recording officer shall record any deed unless the amount of the realty transfer fee payment or payments ... is endorsed on the deed.” N.J.A.C. 18:16-8.4.
In support of her position, the Director relies primarily on N.J.A.C. 18:16-8.5, the regulation immediately following the regulations cited above. This regulation provides:
Where a deed includes more than one parcel and the consideration is separately shown for each individual parcel, the endorsement must show the total amount of consideration on the basis of which the fee was calculated.
[N.J.A.C. 18:16-8.5.]
According to the Director, the import of this regulation is that when more than one parcel is transferred on a single deed, the mansion tax is calculated on the total consideration shown on the deed, even if the consideration is shown separately for each parcel. In support of this interpretation of the regulation, the Director cites her statement in 38 N.J.R. 2084(a), issued at the time that the regulation was proposed, that the “fee is based on the total consideration per deed being recorded, not the consideration on each individual real estate parcel.”
While the Director may have intended to promulgate a regulation consistent with her statement in 38 N.J.R. 2084(a), the court is not convinced that she accomplished that objective. The plain language of N.J.A.C. 18:16-8.5 does not require that the mansion tax be calculated on the total amount of consideration stated on a deed conveying more than one parcel, and not on the individual *198 consideration stated for each parcel subject to the tax. Nor does the regulation provide notice to the parties to real estate transactions that where more than one parcel is transferred on one deed the mansion tax will be assessed against the total consideration for all parcels conveyed by that deed, particularly where one or more of the parcels conveyed, standing alone, would not be subject to the tax.
Instead, the regulation merely requires that where a deed conveys more than one parcel, the consideration for which is individually stated, the endorsement of the county recording officer “must show the total amount of consideration on the basis of which the fee was calculated.” N.J.S.A. 18:16-8.5 (emphasis added). Thus, if a deed conveys two parcels, one of which is subject to the mansion tax and one of which is not, and the consideration for each parcel is separately stated, the recording officer may comply with N.J.A.C. 18:16-8.5 by calculating the mansion tax based on the consideration for the parcel subject to the tax and including on the deed an endorsement that “show[s] the total amount of consideration on the basis of which the fee was calculated.” Ibid. The regulation requires that the face of the deed cShtain an endorsement that states the consideration on which the recording officer calculated the mansion tax. The regulation does not require that the mansion tax be calculated in any particular fashion.
Additionally, if N.J.A.C. 18:16-8.5 were interpreted in the manner proposed by the Director, the regulation would contradict the purpose of the mansion tax statute and exceed the Director’s authority. N.J.A.C. 18:16-8.5 was promulgated by the Director pursuant to her authority to “prescribe such rules and regulations as the director may deem necessary to carry out the purposes of’ the statute imposing the realty transfer fee. N.J.S.A. 46:15-11a. As explained above, by its express terms, N.J.S.A. 46:15-7.2a imposes the tax on specified classes of real property. Class 4C apartments properties are not designated by the statute as being subject to the mansion tax. Interpretation of N.J.A.C. 18:16-8.5 to impose the tax on the consideration plaintiff paid for the *199 apartment complex would extend the tax beyond its plainly intended scope. Where an agency’s “interpretation of a statute is plainly at odds with the plain meaning of the statute, the agency interpretation will be set aside.” Oberhand, supra, 193 N.J. at 568, 940 A.2d 1202; accord New Jersey Ass’n of Realtors v. Department of Envt’l Protection, 367 N.J.Super. 154, 159-60, 842 A.2d 262 (App.Div.2004)(holding that “[ijt is well-settled that ‘[a]dministrative regulations cannot alter the terms of a legislative enactment nor can they frustrate the policy embodied in [a] statute.’ ”)(quoting In re Freshwater Wetlands Prot. Act Rules, 238 N.J.Super. 516, 526, 570 A,2d 435 (App.Div.1989) (citation omitted)). The court, therefore, rejects the Director’s reliance on N.J.A.C. 18:16-8.5 to sustain the final determination in this case.
Nor does the holding in General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 416 A.2d 37 (1980), provide a basis to sustain the Director’s final determination. In that case, the shareholders and board of directors of a closely held corporation held a special meeting at which they eliminated two existing classes of stock totaling 6,000 shares and approved a restated certificate of incorporation authorizing a single class of common stock consisting of 10 million shares. Id. at 124, 416 A.2d 37. The 10 million share figure was “ ‘pulled out of the air[,]’ ” and was “wholly unrelated to the limited business objective which the restated certificate was designed to achieve.” Id. at 134, 416 A.2d 37. The individuals responsible for the decision to authorize 10 million shares were unaware that the corporation business tax would be calculated, in part, on the number of shares that a taxpayer is authorized to issue on the final day of its fiscal year. Id. at 124, 416 A.2d 37. As a result of the decision to dramatically increase the number of the taxpayer’s authorized shares its liability under the corporation business tax was more than three times what it would have been had the number of shares not been changed. Id. at 125-26, 416 A.2d 37.
The taxpayer, describing its decision to authorize 10 million shares as “arbitrary and inadvertent,” argued that the restated certificate of incorporation “should not result in additional tax liability but should be treated in the same manner as a clerical *200 error appearing on a tax return.” Id. at 126, 416 A.2d 37. The Supreme Court rejected the contention that the increase in authorized shares was the result of inadvertence or neglect, finding instead that the shareholders intended to make the change. In addition, the taxpayer argued that because the authorization to issue 10 million shares served no business purpose, the change should be ignored for tax purposes. The Court rejected this proposition as well, holding that “a voluntary business decision ‘is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.’ ” Id. at 136, 416 A.2d 37 (quoting Commission v. National Alfalfa Dehydrating and Milling Co., 417 U.S. 134,148, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717, 727 (1974)). The Court explained, “ ‘while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not____’” Id. at 136, 416 A.2d 37 (quoting National Alfalfa, supra, 417 U.S. at 134, 94 S.Ct. at 2137, 40 L.Ed.2d at 727). “ ‘[I]t is for the taxpayer to make its business decisions in light of tax statutes, rather than the other way around.’ ” Id. at 135, 416 A.2d 37 (quoting Household Finance Corp. v. Director, Div. of Taxation, 36 N.J. 353, 362, 177 A.2d 738 (1962) (other citations omitted)). Thus, the Court concluded, the tax must be calculated based on events that actually occurred, not what might have occurred had the taxpayer considered the tax consequences of its business decision.
The Director argues that the holding in General Trading, supra, requires that plaintiff, having elected to transfer the two parcels pursuant to one deed with a single stated consideration, must bear the tax consequences of its decision. However, unlike in General Trading, where the corporation business tax statute stated that the tax would be calculated based on the number of shares a taxpayer was authorized to issue on the last day of the fiscal year, no statute or regulation provides that the mansion tax is calculated based on the total amount of consideration stated in a deed conveying more than one parcel, one of which, standing alone, would not be subject to the mansion tax. There was, therefore, no adverse tax consequence attendant to plaintiffs decision to transfer the parcels pursuant to one deed. If N.J.S.A. *201 46:15-7.2a stated that the mansion tax is calculated on the basis of the total consideration in a deed transferring more than one property, even if one of the parcels standing alone would not be subject to the tax, then the holding in General Trading would apply and plaintiff would be liable for the tax consequences of its decision. There is, however, nothing in the statute creating such a liability. Compare Tozour Energy Sys., Inc. v. Director, Div. of Taxation, 23 N.J.Tax 341, 354-55 (2007) (holding that under the holding in General Trading taxpayer’s decision to structure service contracts in a manner contrary to the clear language of statutes, regulations, and tax bulletins resulted in collection of tax not otherwise due); Zimmerer v. Clayton, 7 N.J.Tax 15, 22-23 (1984) (holding that statutory exemption from realty transfer fee for transfers among family members does not apply to transfer from partnership in which father and son were only partners to son, as taxpayer choose to own property in name of partnership and not individually).
In addition, General Trading stands for the proposition that taxes should be calculated based on what actually occurred, not what might have occurred. Here, what actually occurred is that plaintiff paid $12,065,000 for two parcels of real estate, one subject to the mansion tax and one not. The mansion tax should be calculated by determining how much of that consideration was allocated to the property that is subject to the tax. Permitting plaintiff to proffer evidence that the parties agreed to an allocation of the consideration between the two parcels would not allow for the calculation of the tax based on a hypothetical state of affairs. The court is merely providing plaintiff with the opportunity to establish the actual allocation of consideration among the parcels at the time of the purchase so that the mansion tax may be calculated correctly.
Plaintiff argues that it is entitled to summary judgment reducing the mansion tax assessment based on an allocation of consideration among the parcels derived from their assessed value for tax year 2007 for local property tax purposes. As noted in more detail above, plaintiff determined the total assessed value of the two parcels and calculated the percentage of the total assessed *202 value that represents the assessed value of the tire and automobile repair center property. Plaintiff applied this percentage (15.3%) to the total consideration paid and allocated $1,845,945 of the total consideration to the tire and automobile repair parcel. Plaintiff seeks judgment calculating plaintiff’s mansion tax liability as 1% of the allocated amount, or $18,459.45. The court can find no statutory or regulatory basis to support calculation of the mansion tax in this fashion. While such an approach might be a reasonable way to calculate the tax were the Director to promulgate a regulation to that effect, she has not done so. Absent legal support to allocate consideration in this manner, and in light of the Supreme Court’s directive in General Trading, supra, to calculate the tax based on what actually occurred, the court denies summary judgment based on this theory. Because the corrective deeds filed by plaintiff allocate the consideration based on the parcels’ assessed values for tax year 2007 and were not accompanied by an affidavit indicating that the parties to the sale of the properties agreed to allocate the consideration in this fashion, the court finds that the corrective deeds do not establish what actually occurred in this instance and cannot form the basis for summary judgment in plaintiffs favor.
Given the court’s holding that the Director’s final determination cannot be upheld as a matter of law based on any statute, regulation or binding legal precedent, and that plaintiffs allocation of consideration among the parcels based on their assessed values is not supported by law or established as fact, the court finds that a material fact — the amount of consideration paid by plaintiff for the two parcels transferred pursuant to the June 5, 2007 deed— remains in dispute. The parties’ cross-motions for summary judgment are therefore denied. Plaintiff will be afforded the opportunity to establish at a plenary hearing or through summary judgment how consideration for the two parcels was allocated by the parties to the sale of the properties.[1]
An Order implementing the court’s decision is enclosed.

 The court rejects the Director's contention that she will suffer an undue administrative burden by virtue of the court’s decision. The affidavit of consid *203 oration approved by the Director for filing with deeds can easily be altered to require an allocation of consideration among parcels where more than one property is transferred on a single deed. In addition, the Director can require the submission of any reasonable evidence to establish the validity of an allocation of consideration on an affidavit of consideration. These simple changes will provide a basis for calculation of the mansion tax where more than one property, one or more of which is not subject to the mansion tax, are transferred pursuant to one deed. See also Smith v. Director, Div. of Taxation, 108 N.J. 19, 33, 527 A.2d 843 (1987) (holding that "administrative convenience cannot support a regulation that conflicts with the governing statute.").