KAHN, J.T.C.
This is the court’s opinion with respect to the parties’ cross-motions for summary judgment involving an assessment made by the Director of the Division of Taxation (Division) pursuant to N.J.S.A. 54:32B-6 for' $134.30 plus interest due in the use tax portion of the Sales and Use Tax assessment for the fust quarter of 1994. ,
The Division issued a final determination to the taxpayer on December 9, 1998 for the first quarter of 1994 in the total amount of $334.79 sales and use tax due for that period. Taxpayer paid the sales tax portion ($200.40 plus interest) and contests by complaint only the use tax portion.
The facts are not in dispute. Taxpayer at all relevant times was a New Jersey corporation operating a retail office supply and furniture store in Bridgewater, New Jersey. The Division selected taxpayer for an audit and by letter dated December 2, 1997 notified taxpayer of the pending audit along with the various tax periods to be audited for Sales and Use Tax as well as other New Jersey taxes. Taxpayer requested that the Division limit the amount of records to be examined based upon undue burden by reason of voluminous paperwork. The Division agreed to the taxpayer’s request to utilize only the month of September 1996 for audit. When taxpayer indicated to the Division that its computer crashed in September 1996, the Division selected the month of April 1997 for audit.
The Division’s audit determined that there were insufficient invoices to support taxpayer’s deductions on its corporate business tax returns requiring a use tax assessment. Taxpayer requested that the Division examine one month from each of various quarterly periods to obtain the audit sample. Taxpayer selected March *55 1994, June 1994, October 1994, January 1995, May 1995, November 1995, February 1996, July 1996, December 1996, April 1997, August 1997 and September 1997, which request was agreed to by the Division.
Since the sales and use tax return for the first quarter of 1994 was filed on April 20, 1994, the audit deadline for that quarter was April 20, 1998. Since that statutory period for making an assessment was close to expiring, the Division requested that taxpayer consent to an extension of the statutory period which request was rejected by taxpayer. The Division was therefore forced to utilize information from other quarterly periods to deal with the first quarter of 1994.
From the audit of taxpayer’s sales records for the quarter ending March 1994, the Division determined that taxpayer lacked supporting documentation of purchases for that period. Taxpayer provided the Division with sales records for the quarter; however, taxpayer had disposed of all purchase records for the quarter. Because taxpayer did not have purchase records for the quarter to support purchases and expenses, the Division applied the period audited for purchases and expenses (from January 18, 1996 to June 2, 1997) to determine the use tax liability for the first quarter of 1994. As a consequence of the audit, the Division assessed an additional $200.40 of sales tax and $134.39 of use tax on taxpayer for the quarter ending March 1994.
By notice dated April 9, 1998, the Division assessed an additional $525.24 for the sales and use tax inclusive of interest. On June 30, 1998, taxpayer protested the use tax assessment. A conference was held on August 4, 1998 between taxpayer and the Division. Pursuant to the conference, a final determination was issued to the taxpayer on December 9, 1998. Subsequently, the plaintiff filed a complaint with the Tax Court on or about February 17, 1999 appealing the Final Determination of the Division.
Taxpayer moves for summary judgment on the basis that although the Division imposed the assessment on plaintiff within the four year time period allowed by the statute of limitations, the Division’s assessment must be set aside because the taxpayer *56 discarded its purchase records after the statutorily required three year period for record retention. Therefore, the assessment arises not out of an examination of the taxpayer’s records for the period assessed, but rather from an extrapolation examination of calendar quarters two to three years after the quarter on which the use tax was assessed.
The Division moves for summary judgment on the basis that the assessment was made within the time period allowed by the statute of limitations, therefore there is no genuine issue as to the material facts. The Division argues that taxpayer’s interpretation that the record retention provision controls the statute of limita- ' tions provision is misplaced. The record retention provision does not have the effect of limiting the statute of limitations for making an assessment. Since the assessment was made before the statute of limitations period expired, taxpayer’s motion for summary judgment should be denied and Division’s motion for summary judgment should be granted.
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if' any, show that there is no genuine issue as to any material fact challenged and that the non-moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2. In Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 666 A.2d 146 (1995), our Supreme Court revised the summary judgment standard[1] and articulated,
[W]hen deciding* a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to *57 permit a rational fact finder to resolved the alleged disputed issue in favor of the non-moving party.
(Id. at 523, 666 A.2d 146.)
Furthermore, “the court must accept as true all evidence which supports the position of the party defending against the motion and must accord him (or her) the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.” id. at 535, 666 A.2d 146, citing, Pressler, Current N.J. Court Rules, comment on R.4:40-2 (1991) (other citations omitted). ,
For the foregoing reasons, this court grants summary judgment for the defendant, Division and hereby denies taxpayer’s motion for summary judgment. There is no dispute as to a material fact, therefore the Division is entitled to summary judgment as a matter of law.
Pursuant to N.J.S.A. 54:32B-27(b), the Division is allowed to assess additional sales and use tax up to four years from the date of the filing of a return. The statute provides as follows:
The provisions of law relative to limitations of time for the enforcement of a civil remedy shall not apply to any proceeding or action taken by the State or the director to levy, appraise, assess, determine or enforce the collection of any tax or penalty provided by this act. However, except in the case of a willfully false or fraudulent return with intent to evade the tax, no assessment of additional tax shall be made after the expiration of more than four years from the date of the filing of a return; provided, however, that where no return has been filed as provided by law the tax may be assessed at any time.
[N.J.S.A. 54:32B-27(b)]
At the time in question, N.J.S.A. 54:32B-16 provided that records of every purchase and sale shall be available to the Division for inspection for a period of three years. The statute provides as follows:
Such records shall be available for inspection and examination at any time upon demand by the director or his duly authorized agent or employee and shall be preserved for a period of three years, except that the director may consent to their destruction within that period or may require that they be kept longer.
[N.J.S.A. 54:32B-16]
Although the taxpayer was not required to keep records beyond this three year period, destruction of the records would put the taxpayer in jeopardy because additional assessments may be levied until the expiration of the four year statute of limitations.
*58 Taxpayer argues that since it was only required to retain the tax records for three years after the filing of the tax return, it would be unfair to impose an assessment after the three year period. This court finds taxpayer’s argument to be unjustified. This court must deny taxpayer’s motion for summary judgment, to do otherwise would in effect reward taxpayer for destroying records that are still subject to an audit and additional assessment. The three year record retention period sets a minimum time period required to keep records. The taxpayer placed itself in peril by disposing of the records prior to the expiration of the four year statute of limitations period.
Pursuant to N.J.S.A. 54:32B-27(b) the assessment was timely, therefore plaintiffs motion for summary judgment is denied and the Division’s cross-motion for summary judgment is granted.

 Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75, 110 A.2d 24 (1954) was the "definitive expression of the standards of decision governing the grant or denial of a summary judgment motion." Pressler, Current N.J. Court Rules, comment on R 4:46-2 (1998). Before the Brill revision, summary judgments were rarely and sparingly granted because it was necessary to “palpably" demonstrate there is no genuine issue of a material fact. See Judson, supra, 17 N.J. at 75, 110 A.2d 24.