KUSKIN, J.T.C.
Plaintiff filed a timely appeal with the Tax Court from a Judgment of the Moms County Board of Taxation. Thirty-one days after the date of service of the Complaint, defendant filed a counterclaim. Plaintiff now moves to dismiss the counterclaim as untimely. Defendant resists the motion on the grounds that the time limit for filing a counterclaim in an appeal from a county board of taxation judgment is thirty-five days from the date of *441 service of the complaint. For the reasons set forth below, I grant plaintiffs motion.
The relevant factual background to this matter is the following. On March 28, 2002, defendant filed a petition of appeal with the Morris County Board of Taxation seeking imposition of rollback taxes under N.J.S.A. 54:4-23.8 for tax years 2001, 2000, and 1999. On June 25, 2002, the County Board sent, by ordinary mail, its Judgment imposing rollback taxes as requested by defendant. On August 7, 2002, plaintiff filed a Complaint with the Tax Court, appealing the County Board Judgment. On the same date, plaintiff mailed, by certified mail, return receipt requested, copies of the Complaint to the County Board and to defendant’s assessor and clerk as required by R. 8:5-3. The assessor and clerk received the mailing on August 12, 2002. On September 11, 2002, defendant filed its Answer and Separate Defenses and a Counterclaim seeking an increase in the amount of rollback taxes imposed by the County Board.
In support of its motion to dismiss, plaintiff relies on the time limit for filing a counterclaim contained in R. 8:4-3(a). The rule provides as follows: “[i]n a direct appeal of a local property tax matter pursuant to N.J.S.A. 54:3-21, a counterclaim may be filed within 20 days from the date of service of the complaint even if the counterclaim is filed after the deadline for filing the complaint provided by N.J.S.A. 54:3-21.” The statute to which the rule refers, N.J.S.A. 54:3-21, provides for the filing of an initial appeal with the Tax Court or a county board of taxation, by a taxpayer or a municipality, generally on or before April 1. The statute permits a direct filing with the Tax Court “if the assessed valuation of the property subject to the appeal exceeds $750,000.” In addition, the statute provides as follows with respect to the filing of counterclaims:
If a petition of appeal or a complaint is filed on April 1 or during the 19 days next preceding April 1, a taxpayer or taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the Tax Court, as appropriate.
[N.J.S.A 54:3-21.]
*442 In response to the motion, defendant cites the introductory language to R. 8:4-3 which states that “[t]he time for filing of all pleadings other than the complaint shall be as prescribed by R. 4:6-1 and subject to R. 1:3-3 except that:____” Defendant further notes that paragraph (a) of the rule, by its express language, applies only to direct appeals to the Tax Court pursuant to N.J.S.A. 54:3-21. Accordingly, defendant argues that the statute and rule are inapplicable to this appeal, leaving the time limit for filing a counterclaim to be governed by R. 4:6-1 under which a counterclaim must be filed “within 35 days after service of the summons and complaint.”
The imposition of rollback taxes is authorized by N.J.S.A. 54:4-23.8 when land subject to farmland assessment “is applied to a use other than agricultural or horticultural.” Under N.J.S.A. 54:4-23.9, the procedure to be followed in imposing the taxes is that applicable to omitted assessments. In Gale Builders, Inc. v. Hunterdon Cty. Bd. of Taxation, 8 N.J.Tax 16, 21-22 (Tax 1985), the Tax Court held that the omitted assessment procedure to be used was the “original” method contained in N.J.S.A. 54:4-63.12 to -63.30, and not the “alternate” method contained in N.J.S.A 54:4-63.31 to -63.40.
N.J.S.A. 54:4-63.13 provides for a municipality to file with a county board of taxation a “complaint” seeking to impose an omitted assessment. The county board must then conduct a hearing as to the complaint, on notice to the property owner, and then issue its judgment. N.J.S.A. 54:4-63.13 and -63.14. The judgment is subject to review in the Tax Court by an appeal “taken and prosecuted in accordance with the provisions of the State Uniform Tax Procedure Law, R.S. 54:48-1 et seq.”[1] N.J.S.A. 54:4-63.23. Under N.J.S.A. 54:51A-la, a provision of the State Uniform Tax Procedure Law, a party “dissatisfied with the judgment ... of the county board of taxation may seek review of *443 that judgment ... in the tax court by filing a complaint in the tax court, pursuant to rules of court.” The time limit for filing the tax court complaint is set forth in N.J.S.A. 54:51A-9a, another provision of the State Uniform Tax Procedure Law, and R. 8:4-l(a)(2), both of which require that the complaint be filed within forty-five days after service of the county board of taxation judgment. The rule defines the date of service of a judgment as the date of mailing.
Before the amendment of N.J.S.A. 54:3-21 in 1987 by L. 1987 c. 185, § 1, the statutes applicable to tax appeals contained no provisions relating to the filing of counterclaims, and, before amendment on November 7, 1988, R. 8:4-3 contained no such provisions. The amendments to the statute and rule were in response to the decision of the New Jersey Supreme Court in F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 495 A.2d 1313 (1985). See Senate County and Municipal Government Committee Statement to S. 2217, L. 1987, c. 185. The F.M.C. Stores Co. decision involved appeals by three different taxpayers with respect to property tax assessments in Edison Township. Each appeal was a direct appeal to the Tax Court. The Township did not appeal either to the Tax Court or to the county board of taxation. Several months after the dates of filing of the Tax Court complaints, the Township moved before the Tax Court for permission to file a counterclaim in each ol' the matters. The Tax Court granted the motions. The Supreme Court held that the statutory filing deadline applicable to complaints was also applicable to counterclaims, and affirmed the decision of the Appellate Division which had reversed the Tax Court and held that the counterclaims were untimely.
The Supreme Court in F.M.C. Stores stated as follows:
Courts have recognized that both appealing taxpayers and taxing districts must adhere strictly to the deadlines prescribed by statute. Failure to file a timely appeal is a fatal jurisdictional defect. A petition of appeal with the county board of taxation pursuant to N.J.S.A. 54:3-21 filed after the statutory deadline has resulted in the dismissal of a taxpayer’s appeal.
LM. at 425, 495 A.2d 1313 (citations omitted).]
*444 In support of the above quotation, the Court cited, among other decisions, Sun Life Assurance Co. of Canada v. Orange, 2 N.J.Tax 25 (Tax 1980), where the Tax Court refused to permit the filing of an appeal to the Tax Court from a county board of taxation judgment after expiration of the statutory deadline applicable to the appeal. The Supreme Court concluded in F.M.C. Stores, supra, as follows:
[A] municipality should undertake to appeal its own assessment only when it has good cause to believe the assessment does not reflect true value, and not simply to achieve a tactical advantage over, or even strategic parity with, a taxpayer that has independently appealed the assessment.
Consequently, we are unimpressed with the legal significance of the argument that a taxpayer will have an undeserved or untoward litigational advantage if the municipality is precluded from filing its own appeal when it attempts to do so after the statutory deadline. The municipality should not be influenced or swayed simply by the pendency of a taxpayer’s appeal as a reason for filing its own appeal, absent independent grounds for believing in good faith that its assessment is erroneous.
[F.M.C. Stores Co., supra, 100 N.J. at 427, 495 A.2d 1313.]
As discussed above, plaintiffs appeal is not a direct appeal to the Tax Court filed pursuant to N.J.S.A. 54:3-21. The appeal was filed pursuant to N.J.S.A 54:4-63.23, which, by referring to the State Uniform Tax Procedure Law, incorporates the provisions of N.J.SA 54:51A-la and N.J.S.A 54:51A-9a. As a result, neither N.J.S.A. 54:3-21 nor R. 8:4-3(a) governs the filing deadline for defendant’s counterclaim.
In Throckmorton v. Egg Harbor Tp., 12 N.J.Tax 419 (Tax 1992), rev’d on other grounds, 267 N.J.Super. 14, 630 A.2d 794 (App.Div.1993), the court held that, under N.J.S.A 54:51A-la and -9a, the time limit for filing a counterclaim in an appeal to the Tax Court from a county board of taxation judgment was the same as the time limit for filing a complaint, that is, forty-five days from the date of service of the county board of taxation judgment. The court stated:
With regal’d to the filing of a counterclaim to a complaint from a judgment of a county board of taxation, there is no additional time beyond the 45-day period for seeking review of a county board judgment, unlike the provisions of N.J.S.A 54:3-21 which permit additional time beyond August 15 for the filing of a counterclaim when there has been a direct appeal filed with the Tax Court.
*445 [Id. at 426.]
Based on Throckmorton and F.M.C. Stores, I hold that, in the absence of express statutory or rule provisions setting forth a different filing deadline, the time limit for filing an appeal to the Tax Court from a county board of taxation judgment governs the filing of a counterclaim. That the specific statutory authority for the appeal is N.J.S.A. 54:4-63.23 does not require a different result, because as discussed above, this statute incorporates by reference the provisions of N.J.S.A 54:51A-la and -9a, as well as R. 8:4-l(a)(2).
Defendant asserts that, because neither N.J.S.A. 54:4-63.23, N.J.S.A. 54:51A-la, N.J.S.A. 54:51A-9a, nor R. 8:4-3(a) sets forth a time limit for filing a counterclaim, the introductory language of R. 8:4-3 establishes that limit by referring to R. 4:6-1. I reject defendant’s argument because the Supreme Court, in F.M.C. Stores, placed no reliance on R. 8:4-3 or R. 4:6-1. Rule 8:4-3 then provided: “The time for filing of all pleadings other than the complaint shall be as prescribed by R. 4:6-1 and subject to R. 1:3-3.” Rule 4:6-1 set forth a time limit for counterclaims of twenty days after service of the summons and complaint where service was effected in New Jersey. In refusing to permit the filing of counterclaims by Edison Township, the Court relied exclusively on the time limit for appeals set forth in N.J.S.A. 54:3-21. Similarly, in Throckmorton v. Egg Harbor Tp., supra, the Tax Court did not rely on R. 8:4-3, as amended in 1988, as controlling the filing deadline for counterclaims.
The deadline for defendant to file its counterclaim under N.J.S.A. 54:51A-9a and R. 8:4 — 1(a)(2) expired on August 12, 2002 (forty-five days after the date of mailing of the County Board judgment plus the three days allowed under R. 1:3-3). The counterclaim, filed on September 11, 2002, was untimely, and plaintiff s motion to dismiss is granted.

 The State Tax Uniform Procedure Law was re-named the State Uniform Tax Procedure Law by L. 1999, c. 208, § 12, effective September 17, 1999. The revised name of the Law appears in N.J.S.A. 54:48-1.