SMALL, P.J.T.C.
The taxpayers in this case challenge the Director of the Division of Taxation’s (the “Director”) denial of their application for a refund of that portion of the Realty Transfer Fee (“RTF”) known as the mansion tax. The Director denied the refund because the property had been classified by the assessor of Bordentown Township as commercial property which is subject to the mansion tax. The taxpayers argue that the property which was transferred should have been classified as industrial property which is *564 not subject to the mansion tax. Both parties have moved for summary judgment.
The Director contends as preliminary hurdles to this court’s addressing the substantive issue of the proper classification of the property that this court lacks subject matter jurisdiction to hear plaintiffs’ claim for reclassification and in the alternative that the claim is barred by the applicable statutes of limitations. I conclude that because, among other reasons, there was no reason for the taxpayers to challenge the property’s classification except for purposes of the mansion tax, their appeal is timely. I also conclude that this court has insufficient evidence to determine whether the subject property was properly classified as commercial or industrial. Thus, the Director’s motion to dismiss on the grounds that (1) the court lacks subject matter jurisdiction and (2) the appeal is late filed are denied. Both parties’ motions on the merits are denied. The matter will proceed to trial on the single issue of whether the subject property should have been classified as commercial or industrial.
I.
The Mansion Tax
The mansion tax is payable in connection with transfers of real property and is in addition to the regular realty transfer fee imposed by N.J.S.A. 46:15-7. The tax is equal to one percent of the entire consideration for the purchase of certain types of real property if the purchase price is in excess of $1,000,000. The tax was enacted byL. 2004, c. 66, § 8....
As originally enacted, the mansion tax applied only to transfers of real property classified under N.J.A.C. 18:12-2.2 as Class 2, residential or as Class 3A farm property that included a building or structure for residential use and to transfers of cooperative units. N.J.S.A. 46:15—7.2(a)(1), (2), and (3). Amendments to the statute adopted in 2006, L. 2006, c. 33, 8 1, expanded the definition of the property to which the one percent tax would apply to include property “that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as class 4A ‘commercial properties’ that is transferred for consideration in excess of $1,000,000 recited in the deed....” N.J.S.A. 46:15-7.2(a)(4).
[Wells Reit II-80 Park Plaza LLC v. Director, Div. of Taxation, 24 N.J.Tax 98, 99-100 (Tax 2008).]
Prior eases in which the denial of refunds for the mansion tax were considered have dealt with the effective date of the imposi *565 tion of the tax on commercial property. See Wells Reit, supra, SCI ITC S. Fund, LLC v. Director, Div. of Taxation, 24 N.J.Tax 205 (Tax 2008), and Chicago Five Portfolio, LLC v. Director, Div. of Taxation, 24 N. J.Tax 342, 346-47 (Tax 2008). The issue before the court in this case is whether the tax should have been refunded because the property should have been classified by the assessor as “industrial” and thus nontaxable. If the property was properly classified as commercial, if plaintiffs are too late to file their claim, or if plaintiffs’ claim is filed in the wrong forum to challenge that classification, the Director’s denial of a refund must be upheld.
II.
Background and Procedural History
Plaintiff Rising Sun 295 Plaza LLC is the former owner of the real property located at 205 Hedding Road, Bordentown, New Jersey 08505, also known as Block 137.01, Lot 4.03 on the Tax Map of Bordentown Township, Burlington County (the “subject property”). On July 23, 2005, Rising Sun 295 Plaza LLC entered into a contract to sell the subject property to plaintiff Bordentown Real Estate Associates, LLC for a consideration of $3,950,000. Because the contract price for the subject property was over $1,000,000, the 1% mansion tax was due in the amount of $39,500 in connection with the recording of the deed. To expedite the closing, although the tax is imposed on the buyer, the grantee, (.N.J.S.A. 46:15-7.2a.) plaintiffs each agreed to pay one-half of the mansion tax with the understanding that a refund would be sought. The deed was recorded and the tax paid on July 30, 2007. By letter dated August 2, 2007 plaintiffs requested the Tax Assessor of Bordentown Township, William Tantum, C.T.A., to reclassify the subject property as “Industrial: Class 4B.” Mr. Tantum never responded to that letter. Thus he took no action from which the plaintiffs could have taken an appeal except his initial classification which the plaintiffs had discovered prior to closing although they had never been formally advised of that classification by the municipality.
*566 On September 20, 2007, plaintiffs filed a Claim for Refund of the $39,500 mansion tax with the Division of Taxation (the “Division”) claiming that the subject property was incorrectly classified as “Commercial: Class 4A” when it should have been classified as “Industrial Property” pursuant to N.J.A.C. 18:12—2.2(f). Plaintiffs’ claim further stated that, from August 2006 until the present, the subject property had not been used for any “commercial” purpose but rather it had been utilized as “industrial property” as a portion of the property has been used for assembly and storage/warehousing of plumbing and HVAC products, and a portion of the property has been used for repackaging and distribution. The Division denied the Claim for Refund on November 16, 2007. The Notice of Denial stated that the reason for the denial was the Bordentown Township Assessor had listed the subject property as commercial property from 2005 to the present. The Notice also stated that plaintiffs had the right to appeal the Division’s decision to the Tax Court within 90 days after the date of the action sought to be reviewed. Plaintiffs’ appeal of the Division’s decision denying a refund of the mansion tax, the complaint in this action, was filed on January 29, 2008, well within the 90-day period.
On October 23, 2008, the Director filed a motion for summary judgment. R. 4:46-2. The Director contends that plaintiffs’ claim for refund was properly denied because N.J.S.A 46:15-7.2 imposes the mansion tax on property which is classified as Commercial: Class 4A. The Director further contends that plaintiffs’ request to change the classification of the subject property from commercial to industrial cannot be granted because plaintiffs have failed to properly and timely petition the Tax Court for such relief pursuant to N.J.S.A 54:3-21. The Director contends that it is the function of the assessor to classify the property for tax assessment purposes in order to reach the same standard of value prescribed under N.J. Const, art. VIII, § 1, 111. The Director further contends that every taxpayer has a statutory right to appeal the taxpayer’s assessed valuation on or before April 1 of the tax year, “or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later.” N.J.S.A. 54:3-21.
*567 On November 13, 2008, plaintiffs answered the Director’s motion for summary judgment and filed a cross-motion for summary judgment. Plaintiffs argue that the subject property was incorrectly classified as “Commercial: Class 4A” and the proper classification of the subject property should be “Industi’ial: Class 4B” since the subject property had been used as a warehouse from 1996 to present. Plaintiffs state that the subject property was used as a warehouse facility for automobile parts between 1996 and 2006 and it has been and is being used as a warehouse for plumbing and HVAC products from 2006 to present. In response to the Director’s argument that plaintiffs’ appeal is untimely, plaintiffs argue that the statute and regulations that the Director points to all pertain to appeals of the value of property for tax assessments, not the classification of that property. Plaintiffs also argue that this appeal to the Tax Court was timely filed and does not arise in the context of an appeal of a local property tax assessment. Plaintiffs argue that the Director cannot accept, without question, the classification of a property as commercial by a municipal tax assessor with no consideration being given to the possibility that the tax assessor was mistaken and without making any inquiry as to the actual use of the property at the time that the assessor classified the property. Plaintiffs further argue that the subject property was utilized as a warehouse for at least eleven years prior to the transfer of title and was in active use as a warehouse at the time that the deed of conveyance was executed and recorded. Plaintiffs argue that the regulations unequivocally classify a warehouse as Class 4B Industrial and thus preclude the subject property from being classified as commercial property.
The Director contends that plaintiffs mistakenly claim that she does not dispute their assertions regarding the use of the subject property. The Director argues that the property was properly classified as commercial. However, the Director’s principal argument is that plaintiffs’ assertion that the property was misclassified is barred because there is no statutory authority for changing the classification of a property when challenging a denied mansion tax refund if no timely local property tax appeal had been filed. In relying on All Monmouth Landscaping and Design, Inc. v. Manalapan Township, 23 N.J.Tax 250 (Tax 2006), the Director *568 contends that the classification is part of the assessment process and a taxpayer who is aggrieved by the classification of a property does not have an alternative method to appeal that classification from a taxpayer who disagrees with the quantum of the assessment.
III.
The Role of the Assessor
Tax Assessors in New Jersey are obligated to place an assessment on each parcel of real property in New Jersey each year. N.J.S.A. 54:4-23. The property is listed as exempt or taxable (N.J.S.A. 54:4-27); if it is exempt, it may be specifically assessed as farmland (N.J.S.A. 54:4-23.1 et seq.). The assessment consists of separate components for land and buildings. N.J.S.A. 54:4-26. However, the taxpayer may not challenge that allocation in the context of a regular tax appeal or for any other purpose. N.J.S.A. 54:3-21; see In re Appeal of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 33-34, 166 A.2d 763 (1961)
For purpose of calculating school aid (N.J.S.A. 54:1-35.1), county equalization (N.J.S.A. 54:3-18), and Chapter 123 ratios (N.J.S.A. 54:l-35(b)), the assessor is also obliged to classify each property as (1) vacant, (2) residential, (3) farmland, or (4) other. See N.J.S.A. 54:4-23, N.J.A.C. 18:12-2.1 to -2.3 and -2.8, City of Atlantic City v. Director, Div. of Taxation, 24 N.J.Tax 1 (Tax 2008), and Fort Lee Borough v. Director, Division of Taxation, 12 N.J.Tax 299, 301-02 (Tax 1992) (discussing the procedures for calculating each year’s school aid ratios in Handbook for New Jersey Assessors, ch. X), aff'd o.b., 13 N.J.Tax 323 (App.Div.), certif. denied, 134 N.J. 563, 636 A.2d 521 (1993). The assessor’s classification of each property as Class 1, 2, 3, or 4 is an important part of the Director’s calculation of these three ratios. The assessor is further required to subclassify category 4 properties into four additional categories, 4A Commercial, 4B Industrial, 4C Apartment and 4D Other. N.J.A.C. 18:12-2.1 and -2.2. Those subclassifications are independent of the quantum of the assessment and play no role in the calculation of any of the three ratios. The classification of a cooperative apartment as either Class 2 *569 Residential or Class 4C Apartment would effect the ratio. See Fori Lee, supra, 12 N.J.Tax at 303. I have found no reason which would lead either a taxpayer or a governmental body to want to challenge a subclassification as between 4A, 4B, 4C or 4D other than the recently enacted part of the mansion tax taxing the transfer of commercial (4A) property but not taxing transfers of the other three classes (4B Industrial, 4C Apartment, or 4D Other). Thus, although these subclassifications of Class 4 may serve useful statistical purposes, there would be no motivation for a property owner, municipality or, in fact, anyone, to challenge the improper subclassification (within Class 4) of a specific property except in the context of imposition of the mansion tax.
IV.
Appeals from Tax Assessments
The Tax Court is a court of limited jurisdiction established pursuant to art. VI, § 1, 111 of our State Constitution. N.J.S.A. 2B:18-la. The jurisdiction of the Tax Court is set out at N.J.S.A. 2B:13-2, which provides:
a. The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following':
(1) Any State agency or official; [e.g. the Director of the Division of Taxation]
(2) A county board of taxation;
(3) A county or municipal official. 1 e.g. a local tax assessor]
[N.J.S.A. 2B:18-2.]
Rule 8:2(a) states: “[tjhe Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment ... [of] the Director of the Division of Taxation ... or any country or municipal official with respect to a tax matter (including the realty transfer fee).”
There is no dispute that the Tax Court has jurisdiction over plaintiffs’ appeal of the Director’s decision to deny plaintiffs’ mansion tax refund claim pursuant to N.J.S.A. 2B:13-2. The parties disagree as to whether or not plaintiffs timely filed their appeal with this court. The Director contends that plaintiffs’ appeal is time-barred and this court lacks jurisdiction to hear this case because plaintiffs failed to file their appeal within a time period specified in N.J.S.A. 54:3-21, that is April 1 or 45 days *570 from the date the bulk mailing of notification of assessment is complete. The Director contends that plaintiffs’ appeal is governed by N.J.S.A. 54:3-21 because a classification of property is part of the assessment. N.J.S.A 54:3-21 provides for the filing of an initial appeal in a local property tax matter with the Tax Court or a county board of taxation, by an aggrieved taxpayer, generally on or before April 1. The statute permits a direct filing with the Tax Court if the assessed valuation of the property subject to the appeal exceeds $750,000. See Mase Land Co. v. Jefferson Twp., 20 N.J.Tax 439 (Tax 2002)[1]
Plaintiffs contend that their appeal is not time-barred since then’ appeal was filed within a time period specified in N.J.S.A. 54:51A-14, which states that an aggrieved taxpayer must file an appeal with the Tax Court within 90 days after the date of the action sought to be reviewed, in this case 90 days from the Director’s denial of the plaintiffs’ refund claim.
A.
The time to file an appeal from the classification of a property in the context of the mansion tax refund claim is different from the time to file an appeal from the property’s assessed value and is governed by N.J.S.A 54:51A-14, not N.J.S.A. 54:3-21.
In order to determine which statute governs the deadline for filing an appeal of the denial of a mansion tax refund claim, the *571 court must determine whether a property’s classification (within Classification 4 as 4A, 4B, 4C, or 4D) in the context of the mansion tax is part of the assessment, thereby making plaintiffs’ appeal subject to N.J.S.A. 54:3-21.
In support of her contention that classification of a property is part of the assessment and that timeliness to challenge an incorrect classification is governed by N.J.S.A. 54:3-21, the Director argues that the classification issue in this case is analogous to the classification issue raised in cases dealing with farmland assessments. I find the Director’s analogy unpersuasive. The Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., authorizes the tax assessment of land actively devoted to agricultural or horticultural use at its value for those purposes alone. N.J.S.A. 54:4-23.2 and -23.7. Once real property is classified as farmland, that classification has an impact on the amount of the tax assessment because assessed value of the farmland is governed by a schedule prescribed by statute and regulations and other property is assessed at its fair market value. New Jersey Tpk. Auth. v. Washington Township, 137 N.J.Super. 543, 546, 350 A.2d 69 (App.Div.1975), aff'd, 73 N.J. 180, 373 A.2d 652 (1977); see also New Jersey Division of Taxation, Handbook for New Jersey Assessors, §§ 204.22, 206.4 and 504 (1989). On the other hand whether property is classified as either commercial or industrial has no impact on the amount of the local property tax assessment.
Another situation where a property’s classification governs the quantum of the tax assessment is its classification as real or personal. N.J.S.A. 54:4-1. Although “[mjost property will fall readily into either the real or personal category[,] [there are] Lb]orderline eases [that] must be considered carefully since the classification will have far-reaching consequences, particularly for equalization programs.” Handbook for New Jersey Assessors, § 203.1. See also General Motors v. City of Linden, 20 N.J.Tax 242 (Tax 2002). The classification issue in this case is different from classifications of real and personal property under N.J.S.A. 54:4-1 which would have an impact on the quantum of the assessment. The classification issue (4A, 4B, 4C, or 4D—or more specifically in this case 4A or 4B) has no impact on the quantum of *572 the local property tax assessment. N.J. Const, art. VIII, § 1,111. When the Legislature amended N.J.S.A. 46:15-7.2 to impose the mansion tax on the transfer of commercial (but not other Class 4 properties), it appears not to have considered how a disputed classification might be challenged.
Because the classifications of property in the context of farmland assessment and personal property being assessed as real property have consequences for the quantum of the tax assessment, it is proper that the deadline of an appeal challenging those classification issues be governed by N.J.S.A. 54:3-21. However when the property’s classification has no impact on the quantum of the tax assessment but only affects the mansion tax, N.J.S.A. 54:3-21 cannot, and does not, govern the deadline for filing an appeal to challenge the property’s subclassification. Rather, the statute of limitations for a classification which affects only the mansion tax is governed by N.J.S.A. 54:51A-14 which gives an aggrieved taxpayer 90 days to appeal from a decision of the Director or any other tax official to the Tax Court. Moreover, although the reason for this denial is based on the classification of the subject property by the assessor, plaintiffs’ appeal arises out of the Director’s decision denying their mansion tax refund claim, and not from the subject property’s assessed valuation.
This court has recognized that the RTF (of which the mansion tax is a component part) is a state tax. See Terrell v. Director, Div. of Taxation, 22 N.J.Tax 297, 300 (Tax 2005); EWH 1979 Dev. Co. v. State, Dep’t of Treasury, Div. of Taxation, 10 N.J.Tax 321, 325 (Tax 1989); and Grand Chester Assocs. v. Director, Div. of 'Taxation, 6 N.J.Tax 336, 339 (Tax 1984). Although the property’s classification determines whether the imposition of the mansion tax portion of the RTF is proper, that fact alone is insufficient to override this court’s recognition that the RTF is a state tax and to conclude that appeals of the mansion tax portion of the RTF should be governed by N.J.S.A. 54:51A-14, and not N.J.S.A. 54:3-21.
*573 B.
Statutes of Limitations Governing Appeals from Classification for purposes of Challenging the School Aid, County and Chapter 123 Ratios.
An inquiry into the timeliness of a challenge to the classification of a property requires an examination of the purpose for which the challenged classification affects the party challenging the classification. In the context of the ratio statutes, N.J.S.A. 54:3-18, N.J.S.A. 54:1-35.1, and -35b, the classification of a property has an impact on the ratio being calculated. In FoH Lee, supra, the court was faced with the issue of whether co-operative apartments should be classified as residential (Class 2) or apartments (Class 4) in the computation of the school aid table. In that case the plaintiff claimed that there was an error on the aggregate assessed value of Class 2 residential property and Class 4 property because cooperative apartments should have been classified as Class 2 Residential instead of Class 4C Apartment. The court agreed that there would have been a substantial change in the quantum of the ratio had the classification been as plaintiff claimed it should be. The court concluded, however, that the plaintiffs time to challenge the improper classification for the tax year had passed pursuant to N.J.S.A. 54:51A-4(c).
Additionally, the classification of a transaction as non-usable for purposes of calculation of each of the three ratios has an impact on the ratios. In Atlantic City, supra, the plaintiff, Atlantic City, challenged the three ratios: the school aid ratio, the county equalization ratio, and the chapter 123 ratio. The court examined whether the Director erred in excluding the sale of certain sites in the calculation of the ratios on the grounds that the sales were properly classified in one of the thirty-three categories of non-usable transactions under N.J.A.C. 18:12-1.1. In dismissing the City’s complaints on procedural and substantive grounds, the court noted that an “[¡.Inclusion of those sales in the calculations would have increased Atlantic City’s school aid, county equalization, and chapter 123 ratios____” Atlantic City, supra, 24 N.J.Tax at 5.
*574 Because of the impact on the assessed value and the three ratios, this court in both Fort Lee, supra and Atlantic City, supra had to determine whether each appeal was timely filed under the applicable statutes.[2] On the contrary, in this ease, the classification of a property as either Class 4A or Class 4B has no impact on the assessed value or any one of the three ratios. There is no specific statute or case law dealing with the deadline to appeal the classification of a property in the context of the mansion tax. For these reasons, I conclude that the proper time for plaintiffs to challenge the classification of the subject property was 90 days from the Director’s denial of a refund.
C.
An appeal from the Director’s decision denying a refund claim of the mansion tax is governed by N.J.S.A 54:51A-14 because it involves a matter that is specified in N.J.SA. 54:51A-12,which provides that this classification of cases begoverned by N.J.S.A. 54:51A-13 through -20.
The procedure for tax appeals is set out at N.J.S.A. 54:51A-9 which lists certain categories of appeals to the Tax Court in real property tax cases. However N.J.S.A. 54:51A-12 provides that certain matters are governed by N.J.S.A. 54:51A-13 through 20. N.J.SA. 54Í51A-12 provides that
The following matters shall be subject to article 2 of this chapter and shall not be subject to the provisions of article 1 of this chapter:
a. Any appeal with respect to property lax of railroads.
b. Except with respect to review and revision of equalization tables, any complaint seeking review of any proceeding, ruling, decision or determination of the Director of the Division of Taxation.
*575 c. Any complaint seeking review of any proceeding, ruling, decision or determination of any other State agency or officer with respect to any tax 'matter, or of a county recording officer with respect to the realty transfer tax. [the mansion tax is a part of the realty transfer fee.]
[N.J.S.A. 54:51A-12 (emphasis added).]
Although the basis of the Director’s denying plaintiffs’ mansion tax refund claim was the classification which was initially made by the Bordentown assessor, I conclude that this case involves a matter set forth in N.J.S.A. 54:51A-12 because it arises out of the Director’s denial of a refund of the mansion tax. Moreover an examination of N.J.S.A 54:51A-12c, which makes specific reference to the RTF, supports my conclusion that the Legislature intended an appeal with respect to the RTF to be governed by N.J.S.A. 54:51A-13 through -20, which include the provisions regarding filing deadlines to challenge the RTF.
Furthermore, N.J.S.A 46:15-7.4 provides
Notwithstanding the provisions of section 8 of P.L.2004, e. 66 (C.46:15-7.2), for the transfer of real property that was classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4A “commercial properties” at the time of the recording of the deed, provided that the deed was recorded on or before November 15, 2006, and that was transferred pursuant to a contract that was fully executed before July 1, 2006, the fee imposed pursuant to section 8 of P.L.2004, c. 66 shall be refunded to the grantee by the filing, within one year following the date of the recording of the deed, of a claim with the New Jersey Division of Taxation for a refund of the fee paid. Proof of claim for refund shall be made by the submission of such documentation as the Director of the Division of Taxation may require.
[N.J.S.A. 46:15-7.4 (emphasis added).]
Although this appeal does not arise under N.J.S.A. 46:15-7.4, the statutory language contained in N.J.S.A. 46:15-7.4 provides clear guidance as to how to request a refund of the RTF from the Director. This further supports my conclusion that this appeal is governed by N.J.S.A. 54:51A-14. Additionally, N.J.S.A 54-.51A-16 provides that an appeal to the Tax Court is an “exclusive remedy available to any taxpayer for review of an action of the Director of the Division of Taxation or any other State agency or officer with respect to any tax matter or of a county recording officer with respect to the realty transfer tax.”
*576 D.
Although plaintiffs had actual notice that the classification of the subject property was commercial, plaintiffs were not given notice as to how to challenge the property’s classification and did not have an opportunity to be heard on that matter prior to the denial of their refund claim. Thus their due process rights would be violated were they not given an opportunity to be heard.
During oral'argument on these motions, this court raised the possibility that plaintiffs’ due process rights were violated because the assessment notifications (the so-called green cards which are sent to taxpayers every February, see N.J.S.A. 54:4-38.) do not include the property’s classification. Due process[3] is required for the denial of the mansion tax refund claim because plaintiffs’ property interests, continued use of their money, results from the denial of the refund. See Township of Montville v. Block 69, Lot 10, 74 N.J. 1, 376 A.2d 909 (1977) (holding that deprivation of property must conform to due process principles). In New Jersey, as elsewhere, “[t]he essential components of due process are notice and an opportunity to be heard.” First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 513-14, 795 A.2d 868 (2002) (quotations omitted) (citing Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389, 709 A.2d 779 (1998), which cites Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865, 873 (1950)).
*577 This court must examine whether: (1) plaintiffs were given notice of the classification of the subject property and given notice as to the procedures by which they could challenge the property’s classification and (2) plaintiffs had an opportunity to be heard on the alleged misclassification of the subject property. Plaintiffs contend that their due process rights were denied because the annual notice of assessment prescribed by N.J.S.A. 54:4-38.1 (the green card) contains no information regarding the property’s classification. Furthermore plaintiffs contend that the Director is obligated to establish the form of notice of assessment to be used by the tax assessors pursuant to N.J.S.A. 54:4-38.1 which shall include instructions on the procedures to be followed in appealing the assessment. The annual notice does not inform taxpayers of the procedures to follow to challenge an incorrect classification or to apprise them of the consequences of an incorrect classification. Nor does it inform them of what the property’s classification is. The annual notice (the green card) informs taxpayers of the quantum of their assessments and how to appeal “their assessment,.” (emphasis added).
The Director argues that plaintiffs’ due process rights were not denied because plaintiffs had actual notice of the classification of the subject property at the time of transfer and an opportunity to be heard was available to the seller plaintiff by filing a property tax appeal. N.J.S.A. 54:3-21. Furthermore the Director contends that the fact that the seller did not file a tax appeal prior to the closing does not change the fact that it had an opportunity to do so. The tax is imposed on the buyer and the buyer would not have had standing to file a tax appeal until it had acquired the property which in this case was after April 1, 2007. See Mobil Admin. Serv. Co. v. Mansfield Twp., 15 N.J.Tax 583 (Tax 1996). The Director also relies on our Supreme Court’s statement in General Trading Co., Inc. v. Director, Div. of Taxation, 83 N.J. 122, 136, 416 A.2d 37 (1980): “[AJ voluntary business decision ‘is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.’ ”
It is undisputed that plaintiffs had actual notice of the subject property’s classification. It is also undisputed that plaintiffs de *578 eided to close the sale of the subject property despite the fact that they knew the mansion tax portion of the RTF would be collected subject to their right to seek a refund. Plaintiffs could have done something to correct the classification before the closing such as requesting the tax assessor to correct the classification or asking the Division about the procedures for filing a refund claim where a matter does not fall within the specific requirements of N.J.S.A. 46:15-7.4. However, it does not appear that plaintiffs had actual knowledge of the classification before April 1 (the appeal deadline for local real property tax assessments) and there was no final determination from which the plaintiffs could take an appeal. Furthermore, the tax is imposed on the buyer. At the time of the assessment, January 10, or even the deadline for filing an appeal, April 1, the buyer of the property which closed later in the year might not even have been identified. The assessor did not formally reject their request for a reclassification, he simply did not respond. Plaintiffs had asked for reclassification but the assessor failed to respond, they did not undertake any of the other procedures suggested by the Director before the closing but rather they decided to file a refund claim as provided for by statute.
I conclude that plaintiffs were not given an opportunity to challenge the property’s classification for the following reasons: (1) N.J.S.A. 54:3-21 explains how a taxpayer can appeal an assessed valuation, but that statute is silent as to how to appeal an incorrect classification of the property that has no impact on the assessed valuation (emphasis added). Challenges to parts of the assessment that do not impact the total of the assessment amount have been routinely rejected. In re Appeal of Kents 2124 Atlantic Ave., Inc., supra, 34 N.J. at 33-34, 166 A.2d 763.(2) The procedures for l’equesting a refund of the RTF set forth under N.J.S.A. 46:15-7.4 might have misled plaintiffs in this ease, especially the part which states:
[T]he fee imposed pursuant to section 8 of P.L.2004, c. 66 shall be refunded to the grantee by the filing, within one year following the date of the recording of the deed, of a claim with the New Jersey Division of Taxation for a refund of the fee paid.
[N.J.S.A. 46:15-7.4.]
*579 It is a well-recognized principle that the government must turn square corners. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426, 495 A.2d 1313 (1985). In this ease, the government has failed to turn square corners by failing to give clear and unequivocal instructions as to how a taxpayer should challenge its property’s incorrect classification in the context of seeking a refund of the mansion tax. Prom the language provided in N.J.S.A. 46:15-7.4 read in conjunction with N.J.S.A. 46:15-7.2 imposing the mansion tax, a taxpayer can be misled into understanding that a refund claim may be filed with the Division of Taxation after the closing and after the payment of the tax.
In this case, plaintiffs asked the tax assessor to change the subject property’s classification, from commercial to industrial. He never responded. The statute specifically provides that the method for challenging the imposition of the mansion tax is to pay it and then seek a refund from the Director. Plaintiffs, particularly the buyer, never had an opportunity to have their challenge to the subject property’s classification heard. The tax assessor never responded to plaintiffs’ request and the Division’s decision to deny plaintiffs’ mansion tax refund claim was based on how the subject property had been classified by the assessor without any further inquiry as to whether such classification was correct or not. For these reasons, I conclude that plaintiffs would be denied their due process rights if they were not now given an opportunity to be heard on their claim that they are entitled to the refund of a mansion tax because the subject property was misclassified.
E.
Although it is inapplicable in this case, the Director’s regulation, which became effective on July 16, 2007, provides more guidance to taxpayers who may have disputes as to their liability for the mansion tax after that date.
Although the Director’s regulation N.J.A.C. 18:16-8.10 is inapplicable to this case because it became effective on July 16, 2007, after the transaction which is the subject of this case took place, it nevertheless provides some guidance to taxpayers who may have a *580 dispute with respect to the mansion tax in the future. N.J.A.C. 18:16-8.10 sets forth procedures by which a dispute concerning the amount of RTF is to be resolved. It also sets forth refund application requirements and makes it clear that the RTF is a state tax.
The regulation provides that a taxpayer who disagrees with the amount of tax due must file a protest with the recording officer to whom the fee was paid and the recording officer must promptly decide whether to grant or deny the refund claim. The regulation also provides that if the taxpayer is not satisfied with the recording officer’s decision denying the claim, then the taxpayer has the right to appeal the determination to the Tax Court pursuant to the provisions of N.J.S.A. 54:51A-13 et seq. N.J.A.C. 18:16-8.10(a) and (c). The regulation governing challenges to the imposition of the mansion tax sets forth different filing deadlines for grantors and grantees for challenging the tax and provides greater details governing the filings. N.J.A.C. 18:16-8.10(d) and (e).
This regulation was not in effect at the time when plaintiffs entered into the transaction involved in this case. If it had been in effect at that time, it would have given plaintiffs and their counsel a better understanding of the procedures to follow in filing a refund claim for the mansion tax portion of the RTF. However in this case there was no regulation to guide plaintiffs. Although a more prudent taxpayer might not have waited until after the transaction to challenge the property’s classification, the exigencies of closing the sale perhaps could not wait for the years it might have taken to resolve a challenge to the imposition of a 1% tax. Accordingly, they paid the tax and sought a refund. However, since plaintiffs were not given notice as to how to appeal the property’s classification except in the context of seeking a refund of the mansion tax, they cannot be bai’red from challenging that classification at this time.
The mansion tax was amended in 2006 to make it applicable to the transfer of commercial property for consideration in excess of $1,000,000. The 2006 amendment also provided for a refund of the mansion tax paid by taxpayers who contracted for sale of commer *581 cial property that was fully executed before July 1, 2006 and the deed recorded on or before November 15, 2006. N.J.S.A. 46:15— 7.4. The regulation N.J.A.C. 18:16-8.10 became effective on July 16, 2007. This regulation prescribes the procedures for challenging the imposition of the mansion tax. I find that at the time of this transaction, before the adoption of the regulation, there was doubt about the appeal procedures regarding the mansion tax. That doubt led to the publication of the regulation N.J.A.C. 18:16-8.10 in order to provide better guidance to taxpayers. In the absence of that guidance the taxpayer’s right to challenge the assessor’s classification of the subject property cannot be limited to the procedures prescribed for appealing the quantum of the tax assessment. See Praxair Tech. Inc. v. Director, Div. of Taxation, 404 N.J.Super. 287, 293-94, 961 A.2d 738 (App.Div.2008), certif. granted, 199 N.J. 130, 970 A.2d 1047 (2009) (emphasizing that a revised regulation indicates the need for greater clarity in interpreting a previously ambiguous or uncertain statute).
F.
The Taxpayer’s Bill of Rights requires that a taxpayer be given notice better than that given to the plaintiffs in this case of how to appeal a determination which effects the taxpayer’s tax obligations.
In enacting the Taxpayers’ Bill of Rights, L. 1992, c. 175, the Legislature intended to “assure that all taxpayers will be accorded basic rights of fair and equitable treatment.” See Senate Budget and Appropriations Committee Statement to Assembly Bill Nos. 385 and 1474 (enacted as L. 1992, c. 175). The Notice of Assessment for the subject property for the tax year in question did not inform the taxpayer of the classification of the subject property nor did it inform the taxpayer of how to appeal anything other than the “assessed value.” The reverse side of the Notice of Assessment contains instructions regarding appeals: “If you disagree with the assessed value shown, an appeal may be filed with the County Board of taxation ... [or][i]f the assessed value exceeds $750,000, you have the option of filing your appeal directly *582 with the Tax Court.” (Emphasis added). The appeal instructions contained on the reverse side of the Notice only instruct the taxpayer how to appeal the assessed value; it is silent as to how to dispute the assessor’s classification of the property. And no part of the notice informs the taxpayer how the assessor has classified the property. It is critical that a taxpayer be given notice of any determination that affects its tax obligations and instructions as to how to challenge that determination prior to the imposition or expiration of a statute limiting the time to challenge the determination.
Furthermore the Director is required to give a taxpayer notice as to how to appeal the Director’s determination under N.J.S.A. 54:48-6, which provides:
The Director of the Division of Taxation shall prepare statements that set forth in simple and nontechnical terms:
a. the procedural and substantive rights of a taxpayer under the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq., including information and notice standards, rights of representation and confrontation, and the standards for allowing closing agreements and compromises; and the obligations of the Division of Taxation under that law, including obligations of explanation, communication and confidentiality;
b. the procedures and time limits to protest an assessment or decision of the director;
c. the procedures and time limits to appeal a final derision of the director;
d. the procedures for malting a claim for refund under that law, and under any other law or regulation which may prohibit the application of the refund provisions of that law; and
e. the procedures which the director may use in determining State tax liability, including the director’s right to verify taxes through examination of records, hearings, and subpoena powers, and the procedures which the director may use in collecting a State tax liability, including deficiency assessment, arbitrary assessment, penalties and interest, liens, levies and criminal sanctions.
ÍN.J.S.A. 54:48-6.]
In this ease it is undisputed that the Director fulfilled her statutory obligation under N.J.S.A. 54:48-6 by her letter dated November 16, 2007, which contained appeal instructions with respect to her decision to deny plaintiffs’ refund claim. The language of the letter is clear:
You have the right to appeal this decision to the Tax Court of New Jersey within 90 days after the date of the action sought to he reviewed. The appeal shall be the exclusive remedy available to any taxpayer for review of action to the Director of *583 the Division of Taxation or any other agency or officer with respect to any matter or of a county recording officer with respect to the Realty Transfer Fee.
[Division’s Letter to Taxpayers, November 16, 2007, at 1J
This statement informs the taxpayers that if they disagree with the decision of the Director denying their claim for a refund of the mansion tax, then they can appeal to the Tax Court within 90 days. The statement contained in the letter contradicts the position taken by the Director, which is that plaintiffs’ appeal is time-barred pursuant to N.J.S.A. 54:3-21 because it was not filed on or before April 1 of the tax year at issue or 45 days from the date the Notice was mailed whichever is later.
An appeal under N.J.S.A. 54:3-21 would not have addressed the classification of the property as classification has no impact on the quantum or imposition of the local property tax. The assessor’s determination, which resulted in the eventual imposition of $39,500 in additional taxes, the mansion tax on the taxpayer, cannot be immune from challenge.
The annual green card notice of assessment does not inform the taxpayer of the classification of his property or how to take an appeal from the classification. It informs the taxpayer of the amount of his assessment and how to take an appeal from that valuation. Taxpayers must have (1) notice of, (2) an opportunity to challenge, and (3) information about how to challenge the classification of the property. Such a procedure appears to be provided by the adoption of N.J.A.C. 18:16-8.10, the regulation providing a method to challenge the imposition of a mansion tax to the county recording officer for periods after July 16, 2007. Section IV, E, supra page 579-80 of this opinion. However, for periods before that date, no time seems more logical in terms of conservation of judicial resources and addressing the issues only when there is a controversy with real consequences than in the context of an appeal from the denial of a refund of the mansion tax. This is the light time and the right place for the taxpayer to challenge the assessor’s classification on which the Director’s determination to deny a refund was based. After the effective date of N.J.A.C. 18:16-8.10 (July 16, 2007), the taxpayer disputing the imposition of a mansion tax can appeal to the recording officer *584 and appeals from that decision would be to the Tax Court (see § IV. E. this opinion, supra).
For the reasons set forth above, I conclude that the deadline for filing an appeal to challenge the property’s classification is governed by the 90-day rule prescribed under N.J.S.A. 54:51A-14 where the issue of the property’s proposed classification is raised in the context of the mansion tax. Therefore, I conclude that plaintiffs’ appeal was timely filed within 90 days from the issuance of Director’s decision to deny plaintiffs’ mansion tax refund claim.
V.
Summary judgment is not appropriate when there is a material fact in dispute.
“Summary judgment should be granted where ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the nonmoving party is entitled to a judgment or order as a matter of law.’” Alpha I, Inc. v. Director, Div. of Taxation, 19 N.J.Tax 53, 56 (Tax 2000) (citing R. 4:46-2). In Brill v. Guardian Life Insurance Company of America, 142 N.J. 520, 666 A.2d 146 (1995), our Supreme Court revised the summary judgment standard and articulated,
[WJhen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the nonmoving party.
[Brill, supra, 142 N.J. at 523, 666 A2d 146.]
“Furthermore, ‘the court must accept as true all evidence which supports the position of the party defending against the motion and must accord him (or her) the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.’ ” Alpha I, supra, 19 N.J.Tax at 57 (citing Bnll, supra, 142 N.J. at 535, 666 A.2d 146 *585 and citing Pressler, Current N.J. Court Rules, comment on R. 4:40-2 (1991)).
Additionally, our Supreme Court in Brill stated that
By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a '‘genuine issue as lo any material fact challenged.” That means a non-moving party cannot defeat a motion for summary judgment merely by pointing' to any fact in dispute.
[Bnll, supra, 142 N.J. at 529, 666 A.2d 146.]
Our Supreme Court further stated that “where the party opposing summary judgment points only to disputed issues of fact that are ‘of an insubstantial nature,’ the proper disposition is summary judgment.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75, 110 A.2d 24 (1954). Moreover, our Supreme Court provided the meaning of “substantial” in the context of summary judgment as “[hjaving substance; not imaginary, unreal, or apparent only; true, solid, real, ... firmly based, a substantial argument.” Ibid. (citations omitted).
In order to determine whether summary judgment is appropriate at this juncture, the court must determine whether there exists a disputed material fact concerning the classification of the subject property.
A.
The Director has broad authority over the tax assessor whose functions include classifying the property for the purpose of the assessment.
As of October 1 of the pre-tax year, the tax assessor is required to value all property in the taxing district. N.J.S.A 54:4-23. During that process, the tax assessor also classifies the property. The Handbook for New Jersey Assessors, supra, § 1002.2 provides directions for the tax assessor’s classification of real property and lists four classes as: Class 1 Vacant Land, Class 2 Residential, Class 3 Farmland, and Class 4 Other.[4] These classifi *586 cations are also found in the Director’s regulation, N.J.A.C. 18:12— 2.2, which provides the relevant definitions for this case:
(e) Class 4A: “Commercial properties” means any other type of income-producing property other than property in classes 1, 2, 3A, 3B and those properties included in classes 4B and 4C below.
(f) Class 4B: “Industrial properties” means land or land and improvements adaptable for industrial use; ideally, a combination of land, improvements, and machinery which has been integrated into a functioning unit intended for the assembling, processing, and manufacturing of finished or partially finished products from raw materials or fabricated parts, such as factories; or a similar combination intended for rendering service, such as laundries, dry cleaners or storage warehouses.
[N.J.A.C. 18:12-2.2(e) and (f).]
“When every line item of real property has been placed by the assessor in one of the four classes, the total in each class must be reported to the county board of taxation....” Handbook for New Jersey Assessors, supra, § 1002.21 (emphasis added). This report is then forwarded to the county board of taxation on the SR-3A form, which the Director’s regulation N.J.A.C. 18:12A-1.17(a) 3 calls its “classification form.” Handbook for New Jersey Assessors, supra, § 1002.21. Thus, the function of the tax assessor includes classifying the property, as correctly pointed out by the Director. However, what is troubling is that the Director specifically contends that “the assessor is statutorily charged with determining the taxable value and classification of real property located in this State, not the Director of the Division of Taxation.” See Defendant’s Reply, November 17, 2008, at 2. Although it is correct that the tax assessor is statutorily charged with the classification of property, “the duties of [the tax assessor and] the office, the method of assessment, and the manner of assessment and recordation are governed by statute, the Director of the Division of Taxation, and the County Board of Taxation.” Mobil Oil Corp. v. Township of Greenwich, 20 N.J.Tax 66, 80 (Tax 2002) (citing N.J.S.A. 54:1-6 to -30), later proceeding, 22 N.J.Tax 1 (Tax 2004). Also “[t]he assessor is subject to state controls that include *587 investigation by the Director of the Division of Taxation concerning his or her methods.” Ibid, (citing N.J.S.A. 54:1-26 and -19). When the Director is given such broad authority under the statute over the tax assessor, she cannot argue that she has no duty or authority to question the tax assessor when a taxpayer appeals the tax assessor’s action as erroneous. The Director’s contention would give the assessor unbridled and unappealable authority to make decisions which govern the imposition of a substantial State tax, especially in the case of a non-responsive assessor who appears to have never explained or justified to an independent fact finder the basis of his determination. Thus, the Director had an obligation to review the assessor’s classification of the property as commercial at the time she decided to reject rather than grant the plaintiffs’ application for a refund of the mansion tax.
E’or the reasons set forth above and based on the records before the court, I conclude that there are material facts in dispute as to whether the subject property was correctly classified as commercial property. As stated previously N.J.A.C. 18:12-2.2(1) defines “industrial properties” as “land or land and improvements adaptable for industrial use____” (emphasis added). The tax assessor has a duty to classify the property in accordance with the definition provided by that regulation which contains the term “industrial use.” For that reason, the court must inquire into how the subject property was being used at the time of the classification of the property by the assessor. Due to insufficient evidence before the court, it is impossible to determine whether the subject property was properly classified as commercial. Without first determining whether the classification was correct, I am unable to determine whether plaintiffs are entitled to the refund of the mansion tax they paid in connection with the transfer of the subject property. Therefore, both parties’ summary judgment motions are denied. I will schedule a hearing on the issue of classification.

Conclusion

For the reasons set forth above, 1 conclude that this court has jurisdiction to hear plaintiffs’ appeal of the Director’s decision to *588 deny their refund claim of the mansion tax since plaintiffs timely appealed the Director’s decision pursuant to N.J.S.A. 54:51A-14. I further conclude that both the Director’s motion for summary judgment and plaintiffs’ cross-motion for summary judgment will be denied as there are material facts in dispute. The matter will be set down for hearing to resolve the sole issue of whether the subject property should have been classified as commercial or industrial by the assessor. The attorneys will contact the court to schedule the hearing.

 N.J.S.A. 54:3-21 provides, in relevant part, that:
[A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in another taxing district in the county, may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00.
[N.J.S.A. 54:3-21 (emphasis added).]

 Challenges to the school aid table must be brought within 45 days of its promulgation. N.J.S.A. 54:51A-4(c). Challenge to the Chapter 123 table can only be brought within the context of a challenge to the school aid ratios or a specific tax appeal. See Atlantic City, supra, 24 N.J.Tax at 20-22. Challenge to a county equalization table must be brought within 45 days of promulgation of that table. R. 8:4-1 (a).

 The leading case in this area is Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), in which the United States Supreme Court stated:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance.
[339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873 (emphasis added) (citations removed).]

 “This category encompasses: Commercial properties (Class 4a); industrial properties (Class 4b); special purpose properties (Class 4a or 4b); apartments *586 designed for the use and enjoyment of five families or more (Class 4c); and any other type of income-producing property other than property in Classes 1, 2, or 3 above." Handbook for New Jersey Assessors, supra, § 1002.2.